**UNITED STATES of America**
**v.**
**Ronald STEVENSON, Appellant.**
**No. 23922.**

United States Court of Appeals,
District of Columbia Circuit.

Dec. 2, 1970.

As Amended Feb. 1, 1971.

Petition for Rehearing Denied
Feb. 1, 1971.

Mr. Robert Raymond Twohig, Jr. (appointed by this Court), Washington, D. C., was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Philip L. Cohan, Asst. U. S. Attys., were on the brief for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and JOHNSON,* Chief Judge, U. S. District Court for the Middle District of Alabama, in Chambers.

PER CURIAM:

The issues on this appeal revolve principally around the identification of appellant and the denial of his pre-trial motion to suppress the Government's lineup, photographic, and in-court identification testimony.

Appellant was convicted of the armed robbery of the manager of a gasoline service station on 22 January 1969, but he was originally arrested on the eyewitness identification of a police officer for robbing a sandwich shop on 31 January 1969. After the arrest an "Adams order"[1] was obtained compelling appellant to appear at a lineup to be viewed by witnesses in other cases in which appellant might be involved. There he was represented by his counsel for the offense of which he had been charged, i. e., the sandwich shop robbery. At the lineup his counsel did not inquire from the prosecutor as to the dates, location, or nature of the other offenses in which the Government was seeking possible identification.

At the suppression hearing in this case appellant's counsel at the lineup testified that he had no objection to the lineup arrangement, and, after reviewing a photograph made of the lineup, "thought it was fair." In fact, at the motion to suppress the identification testimony appellant's trial counsel in this case did not argue that the lineup was suggestive in any way, but argued that the prosecution's failure to provide appellant's counsel at the lineup with descriptions of the robbers provided the police by witnesses involved in other offenses infringed appellant's rights. At the suppression hearing the Government did inform appellant's counsel of the complaining witness' description of the appellant, the photograph of the lineup was presented to the court, and it appeared that appellant in the lineup was not dressed similarly to the complaining witness' description of the offender at the time of the armed robbery in the service station.

The service station manager viewed 30 books of photographs at the police station but was unable to identify any one as the person who had robbed him. Appellant's picture was *not* in any of these books. Thereafter, but prior to the lineup, the police showed the complaining witness 11 photographs. The witness immediately picked the second photograph shown as being the man (appellant) who robbed him. The witness testified that he had seen the robber on several occasions prior to the robbery. The same set of 11 photographs was shown to other witnesses, some of whom identified appellant, some did not.

█ We reject appellant's first argument that he was precluded effective assistance of counsel at the lineup because the Government did not volunteer the information as to the description given by the complaining witness at the service station robbery. Appellant's counsel did not request such information, and it does not appear that the absence of such information in any way prejudiced the appellant. The lineup itself was non-

* Sitting by designation pursuant to 28 U.S.C. § 292(c).

1. Adams v. United States, 130 U.S.App. D.C. 203, 207–208, 399 F.2d 574, 578–579 (1968).

suggestive, appellant was clothed differently from how he was described as being dressed at the time of the robbery. Appellant's counsel was given this information as to the complaining witness' description at the time of the suppression hearing, and thus had it available for such use as he could make of it at the time of trial. Whatever the fact situation in another case might require, no prejudice to appellant is shown in the circumstances here.

 Nor does appellant's argument that the photographic identification prior to the lineup was improperly suggestive or created an unnecessary risk of misidentification stand on any stronger ground. The procedure employed by the police here carries no hint of suggestivity. The complaining witness looked at 30 books of photographs; he did not find appellant therein. He was shown a group of 11 pictures; he immediately picked out appellant in the second picture shown him. Those pictures were displayed to the court and found to be a fair presentation of possible suspects in line with the complaining witness' description and similar in appearance to the appellant himself. The complaining witness had ample opportunity prior to the robbery on several occasions to see appellant, and to identify him at the time of the robbery itself. There is nothing wrong *per se* in the police securing a photographic identification before calling the witness to a lineup at which the suspect appears. The use of photographs initially to secure tentative identification prior to a lineup was implicitly suggested in the *Wade* opinion itself.[2] This court impliedly approved this in United States v. Hamilton.[3]

We find no prejudicial delay in the 2½ month delay between the date of the offense and the indictment.

And in regard to the absence of the weapon used in the armed robbery, as we said in United States v. Curtis,[4] "That the weapon was not recovered and put in evidence at trial does not raise a reasonable doubt as a matter of law." The complaining witness testified that he was robbed at gunpoint, the jury apparently believed him, and that is sufficient to sustain the conviction for armed robbery.

Affirmed.

---

2. United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

3. 137 U.S.App.D.C. 89, 91, 420 F.2d 1292, 1294–95, n. 11 (1969).

4. 138 U.S.App.D.C. 360, 363, 427 F.2d 630, 633 (1970).