**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lennard COLEY and Paul Dabney
Scogin, Defendants-Appellants.**

**No. 30139
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 30, 1971.

Rehearing Denied June 1, 1971.

\* [1]  Rule 18, 5 Cir.  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Jim Hudson, Athens, Ga., for Lennard Coley.

Ken Stula, Athens, Ga., for Paul Dabney Scogin.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

After indictment and trial, Coley was convicted of conspiracy to possess, transport, and sell non-taxpaid whiskey in violation of 18 U.S.C.A. § 371. Scogin was convicted of possessing and transporting non-taxpaid whiskey in violation of 26 U.S.C.A. §§ 5205(a) (2), 5604(a). Coley and Scogin advance two arguments on appeal: First, that the District Court erroneously admitted a tape recording of a telephone conversation between Coley and a government informer, who had consented to the recording; second, that the District Court erroneously denied Coley's motion to quash the indictment. We affirm.

Included in the evidence introduced at the trial were tape recordings of telephone conversations between Coley and a government informer. With the informer's consent, government agents placed a suction-type receiver on a telephone used by the informer to call Coley. When the informer reached a party identified as Coley, government agents used a tape recorder in conjunction with the special receiver to record their conversation. During the trial the informer testified to the substance of his conversation with Coley; the Government introduced the tape as evidence to corroborate this testimony.

■ Relying on Katz v. United States, 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, appellants argue that the recordings violated their fourth amendment rights and thus comprised inadmissible evidence. Initially it is clear that Scogin has no standing to pursue this argument. There is no evidence that he was a party to the conversations between Coley and the informer or that he owned, possessed, or controlled the premises or the telephones used during these conversations. See Alderman v. United States, 1969, 394 U. S. 165, 171–180, 89 S.Ct. 961, 22 L.Ed.2d 176.

■ With respect to Coley, it is equally clear that the tape recordings were not the fruit of an unconstitutional search and seizure. In several post-*Katz* decisions, this Court has held that governmental action such as that challenged here remains constitutionally permissible. *E. g.,* Koran v. United States, 5 Cir. 1969, 408 F.2d 1321, 1323–1324; Harris v. United States, 5 Cir. 1968, 400 F.2d 264, 267; Velez v. United States, 5 Cir. 1968, 397 F.2d 788, 789; Dryden v. United States, 5 Cir. 1968, 391 F.2d 214, 215. The Supreme Court's discussion of the issue in United States v. White, 1971, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453, certainly buttresses the position taken by this Circuit. Indeed, the *White* Court explicitly noted that "we are not prepared to hold that a defendant who has no constitutional right to exclude the informer's unaided testimony nevertheless has a Fourth Amendment privilege against a more accurate version of the events in question." *Id.* at 753, 91 S.Ct. at 1127.

Appellants' alternative ground for reversal is based on the District Judge's denial of Coley's motion to quash the indictment. During a preliminary hearing prior to indictment, a government witness refused to answer questions propounded by Coley's counsel. Though advised by the United States Commissioner that he must reply or risk dismissal of the case, the witness continued to refuse. The commissioner then dismissed the charges against Coley. Subsequently, however, a grand jury indicted Coley for the same offense. Appellants urge that Coley had a substantial right to cross-examine witnesses at the preliminary hearing and that the commissioner's failure to enforce this right denied him due process. Specifically they aver that termination of the hear-

ing deprived them of the right to utilize it for pre-trial discovery.

■ Once again, Scogin has no standing to argue this point or to benefit from its resolution. The alleged deprivation of rights was personal to Coley.

■ Coley's argument must fall on its premise, that a preliminary hearing to afford pre-trial discovery is constitutionally mandated. First, the primary function of a preliminary hearing is not to expedite discovery. The purpose of such a hearing is to ascertain whether or not there is probable cause to warrant detention of the accused pending a grand jury hearing. United States v. Brown, S.D.Ga.1969, 305 F.Supp. 299, 304; *see* 18 U.S.C.A. § 3060(a); Fed. R.Crim.P. 5(c). While some manifestation of the quantum of a prosecutor's evidence is necessary for a qualitative evaluation of probable cause, such discovery remains incidental to the true purpose of the proceeding. *See* United States v. Bates, E.D.Tenn.1968, 287 F. Supp. 657, 660. Indeed, as District Judge Wilson has ably commented:

> The primary function of the preliminary hearing should remain the determination of probable cause and not discovery. It is not well suited for discovery and any attempt to subvert it to this purpose might well cause it to be more frequently bypassed in favor of going directly to the grand jury. See Moore Federal Practice and Procedure, § 5.04(3). Any broadening of the defendant's rights to discovery in criminal cases should more properly be left to the provisions of Rule 16, Federal Rules of Criminal Procedure, which deals specifically with this problem.

*Id. See also* 1 C. Wright, Federal Practice and Procedure § 80, at 136–40. As Coley has admitted, his counsel attempted to utilize the preliminary hearing for discovery. Consequently the prosecutor aborted the hearing and submitted his case to the grand jury. This Court has held that submission of an accused's case directly to a grand jury, even absent a preliminary examination, is not constitutionally impermissible. Woods v. Texas, 5 Cir.1968, 404 F.2d 332. Coley's argument does not impel us to reverse our position.

■ Second, the Constitution does not require preliminary hearings. Failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate a subsequent conviction. Scarbrough v. Dutton, 5 Cir.1968, 393 F.2d 6; *see* Woods v. Texas, *supra*. This is not to say that preliminary hearings are not favored in the federal system. Certainly an accused may gain his unconditional release from custody if a preliminary examination is not held within the time specified by 18 U.S.C.A. § 3060(b), (c). However, his discharge does not prevent, or prejudice, later institution of criminal proceedings based upon the charge which prompted his arrest. 18 U.S.C.A. § 3060(d). Furthermore, an accused is not entitled to unconditional release if an indictment is returned prior to the date set for a preliminary hearing. 18 U.S.C.A. § 3060(e).

In the instant case, the distinction between an aborted preliminary hearing and no hearing is one without a difference. Coley claims merely that termination of the hearing hampered discovery of the Government's evidence. He has not alleged that he remained in custody after the hearing. If he had offered such an allegation, this would be neither the time nor the place to consider it. Thus, it is impossible to ascertain that he has suffered any harm, or to perceive what harm he could have suffered.

Affirmed.