The **UNITED STATES** of America

v.

**Jose C. POLLARD.**

**Crim. No. 273-71.**

United States District Court,
District of Columbia.

Sept. 13, 1971.

Jon P. Axelrod and Gail P. Higgins, Public Defender Service, Washington, D. C., for defendant.

William S. Block, Asst. U. S. Atty., Washington, D. C.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

On February 9, 1971, the defendant, Jose C. Pollard was charged in a two-count indictment with first degree burglary and grand larceny. A motion was filed seeking to dismiss the indictment or, in the alternative, to "re-open" a preliminary hearing.[1] Upon consideration of the facts of this case and the memoranda of points and authorities submitted by the Government and defense counsel, the Court concludes that the indictment should not be dismissed but that the defendant should be granted a preliminary hearing.

The basic situation is not disputed. The defendant was arrested on November 20, 1970 on a warrant charging first degree burglary and presented before the then District of Columbia Court of General Sessions on November 21, 1970. The Government then sought and obtained an order compelling the defendant to appear before a lineup scheduled for December 1, 1970. At presentment

---

1. No preliminary hearing was actually held in this proceeding, although one was scheduled at the time of his arrest.

a preliminary hearing was also scheduled for December 3, 1970.

Immediately following November 21, 1970, defense counsel requested that the lineup order contain a provision requiring the Government to provide defense counsel with any prior descriptions of the alleged defendant given by prosecution witnesses and the names and addresses of all witnesses who would attend the lineup. On December 1, 1970 after the submission of written memoranda and oral argument the judge of the General Sessions Court, sitting as a committing magistrate, entered a further order requiring the Government to provide to defense counsel any prior descriptions "given to the police or to the Government by each witness who is present at the lineup." The Government, wishing to circumvent a ruling which it considered an undesirable precedent which was also unappealable immediately entered a *nolle prosequi*.[2] The presiding judge refused to sign an order to that effect. The defendant was subsequently indicted under a grand jury original on February 9, 1971.

The defense claims that the Government's action was vexatious and grounded in bad faith.. It further contends that from the date of the *nolle prosequi* to the date of publication of the indictment the Government deliberately misled defense counsel into believing that the case was not being presented to the grand jury; and that in reliance thereon defense counsel did not pursue further appropriate action. These events are claimed to amount to an abuse of prosecutorial discretion and a denial of due process, the right to confrontation, a speedy trial, and the discovery opportunities afforded by a preliminary hearing. The Government, denies the allegations of bad faith and disputes the defendant's legal conclusions.

■  The law in this jurisdiction reveals a general acceptance that the primary purpose of a preliminary hearing is to determine there is probable cause to hold the accused within the legal custody of the court. Thus a supervening indictment will ordinarily obviate the need for an already scheduled preliminary hearing. Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649 (1965). Also Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895); Clarke v. Huff, 73 App.D.C. 351, 119 F. 2d 204 (1941); Walker v. Rodgers, 128 U.S.App.D.C. 420, 389 F.2d 961 (1968). Other benefits of the preliminary hearing such as discovery, however, are essentially incidental although arguably indispensable to an adequate determination of probable cause. See Coleman et al. v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). To hold that a preliminary hearing is required even where a timely indictment is returned and there was no defect in the conduct, delay or waiver of the preliminary hearing, is to raise the preliminary hearing to a constitutional status and question the adequacy of current grand jury procedures. Such objection may be well justified. Government attorneys and grand jurors are neither infallible nor beyond reproach. And, for example, the presence of defense counsel or even the right to cross-examine may be important to a just decision of the grand jury. However, such a revolutionary determination is appropriate for Congress or a higher court where, as here, the trial itself assures at least an ultimate remedy pending such higher determination.

■  But where there has been a defect in the preliminary hearing or an improper waiver, either of which may have affected the accuracy of the Magistrate's determination, the subsequent return of an indictment does not bar review of the alleged defect. Ross v. Siri-

---

**2.**  Whether the Government's position with respect to General Session's Court ruling was correct is not germane to this motion; but the facts in United States v. Stevenson, 443 F.2d 661 (D.C.Cir., decided December 2, 1970), cited here by the Government, are sufficiently distinguishable from this case so as not to preclude the possible accuracy of Judge Taylor's ruling.

ca, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), rehear. en banc denied 1967; Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965).[3] To hold otherwise would make the protections of preliminary hearing illusory and encourage making "the availability of a remedy . . depend upon the outcome of a race between counsel . . .." Blue v. United States, *supra*, 119 U.S.App. D.C. at 320, 342 F.2d at 899. Following the doctrine enunciated in *Ross* and *Blue* the Court believes that an already scheduled preliminary hearing should not be barred where, as here, the indictment does not intervene in the normal course of events, but rather is the result of unilateral action of the Government, solely for its own benefit, and accompanied by indicia of vexatiousness.

Wherefore, it is, this 13th day of September 1971, ORDERED that the motion of the defendant Jose C. Pollard to dismiss the indictment is denied. The motion to "re-open" the preliminary hearing, treated as a motion for a preliminary hearing, be and is hereby granted.

---

3. See also Washington v. Clemmer et al., 119 U.S.App.D.C. 216, 339 F.2d 715 (1964); Brown v. Fauntleroy, 143 U.S. App.D.C. 116, 442 F.2d 838 (1971).