The **UNITED STATES**

v.

Clarence J. **QUINN**, Jr.

Crim. No. 28004.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 30, 1973.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Howard Moore, Jr., John R. Myer, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Defendant seeks to quash the indictment returned against him on January 24, 1973, charging a violation of the Hobbs Act, 18 U.S.C. § 1951.[1] In the alternative defendant moves that the preliminary examination which was begun before a United States Magistrate as provided in Rule 5(c), Fed.R.Crim.P., and which was cancelled subsequent to the return of an indictment, be reopened, presumably for the purpose of allowing defendant's counsel to complete cross-examination of a government witness. The facts alleged are as follows.

Defendant was arrested on January 6, 1973, and brought before a federal magistrate who set January 12, 1973 as the date for the preliminary examination. At the examination, an FBI agent testified for the government on the only issue to be determined in that proceeding, viz., whether or not there was probable cause to bind defendant over to the grand jury. During the course of his testimony the agent referred to written "field notes" which on cross-examination defendant's counsel demanded to inspect. The government objected to revealing the contents of the agent's notes, and the magistrate continued the examination until January 26, 1973, apparently for the purpose of allowing the agent to remove from his notes any material which was unrelated to the subject matter of defense counsel's cross-examination.[2] Before the proceedings could be recommended, a federal grand jury returned an indictment on January 24, 1973, and the preliminary examination was canceled.

Defendant claims that the indictment should be quashed because "[o]nce the preliminary examination has begun, the United States Magistrate has jurisdiction over the matter and the action of

1. Section 1951 of Title 18, U.S.C., provides in relevant part: "(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both." Defendant is charged with extorting from a retail clothing store a check for $500.00 payable to the Greater Edgewood Baptist Church, by threatening to place pickets at the store.

2. There is some dispute over whether defense counsel was responsible for requesting the continuance or whether the continuance was directed by the magistrate, sua sponte, as a means of allowing the examination to proceed without requiring the disclosure of nonrelevant, sensitive information, or denying defendant's counsel the right to fully cross-examine the government's witness. In light of the court's interpretation of the applicable law, however, the precise factual background to the grant of the continuance is unimportant to the disposition of defendant's claims.

**1350**

the grand jury must defer to that jurisdiction." In support of his position, defendant cites 18 U.S.C. § 3060, which in relevant part states: "(e) No preliminary examination in compliance with subsection (a) of this section shall be required to be accorded an arrested person . . . if at any time subsequent to the initial appearance of such persons before a judge or magistrate and *prior to the date fixed for the preliminary examination pursuant to subsections (b) and (c) an indictment is returned . . .*" (Emphasis added.) Defendant argues that since the indictment was returned after the preliminary hearing had begun, by the terms of the statute, and under the substantially similar language of Rule 5(c),[3] defendant was entitled to have the preliminary examination proceed.

In addition, defendant cites three cases from the District of Columbia Circuit which hold generally that the denial of a timely requested preliminary examination, or defects in a preliminary examination, are not excused by an intervening grand jury indictment. Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964); Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967); United States v. Pollard, 335 F.Supp. 868 (D.D.C.1971). Particularly noted is United States v. Pollard, where as a condition to the government's conduct of a lineup, the examining magistrate required the government to provide defense counsel with any prior descriptions given to the police or to the government by each witness who would be present at the lineup. Not wishing to comply with a ruling which it considered an undesirable precedent, the government immediately entered a *nolle prosequi* and obtained a grand jury indictment of defendant some two months later. The court found in the face of alle-

gations that the government deliberately misled defense counsel into believing that the case was not being presented to the grand jury, that an "already scheduled preliminary hearing should not be barred where, as here, the indictment does not intervene in the normal course of events, but rather is the result of unilateral action of the Government, solely for it own benefit, and accompanied by indicia of vexatiousness." 335 F.Supp. at 870.

 Without passing on whether the government's conduct in the present case was "vexatious", the court is in sympathy with the notion that the government ought not to be allowed to freely abandon its prosecution in a preliminary examination the moment that an unfavorable ruling is made or an adverse result seems imminent. Such a practice does nothing to encourage respect for law, creating as it does a feeling that the search for probable cause in a preliminary examination amounts to no more than a game in which the government can never lose, regardless of what the evidence reveals. Nevertheless, while this court may object to how the game is played, in the present case no substantive rights of the defendant have been lost, and consistent with the strong weight of authority, contrary to the cited cases in the District of Columbia Circuit, defendant's motions must be denied.

In United States v. Coley, 441 F.2d 1299 (5th Cir. 1971), defendant Coley cited as error the district court's denial of his motion to quash the indictment. The reviewing court found that at Coley's preliminary examination, prior to indictment, a government witness refused to answer questions propounded by defendant's counsel. "Though advised by the United States Commissioner [precursor to the present position of

---

3. The relevant portion of Rule 5(c), Fed.R. Crim.P., reads: "A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court

. . . provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in district court before the date set for the preliminary examination."

United States Magistrate] that he must reply or risk dismissal of the case, the witness continued to refuse. The commissioner then dismissed the charges against Coley. Subsequently, however, a grand jury indicted Coley for the same offense." Similar to the present defendant, Coley maintained that "he had a substantial right to cross-examine witnesses at the preliminary hearing and that the commissioner's failure to enforce this right denied him due process." 441 F.2d at 1300. The Court of Appeals, in affirming the district court, replied to this argument that "the primary function of a preliminary hearing is not to expedite discovery. The purpose of such a hearing is to ascertain whether or not there is probable cause to warrant detention of the accused pending a grand jury hearing." There is no constitutional right to a preliminary hearing, and "[i]n the instant case, the distinction between an aborted preliminary hearing and no hearing is one without a difference." 441 F.2d at 1301.

In *Coley* the court had before it the relevant provisions of 18 U.S.C. § 3060(e). In *Coley*, not only was the defendant denied the right to cross-examine the government witness at the preliminary examination, but after the magistrate had dismissed the charges against him, he was subsequently and lawfully indicted by a grand jury. From this decision it seems clear that the magistrate in the present case had no power to compel the FBI agent to disclose his notes to defendant's counsel, as long as the government was willing to accept a dismissal of the charges against defendant. The magistrate had no power to compel disclosure on January 26th and he has no such power now. A finding of probable cause in this case was returned by the grand jury indictment on January 24th. Therefore, under the court's decision in *Coley*, which controls

the case at bar, both defendant's motions to quash the indictment and to reopen the preliminary examination must be denied. *See also* United States v. Rogers, 455 F.2d 407 (5th Cir. 1972); United States v. Kysar, 459 F.2d 422 (10th Cir. 1972); United States v. Foster, 440 F.2d 390 (7th Cir. 1971).[4]

Before concluding, two things should perhaps be noted to dispel at least somewhat the atmosphere of unfairness left when an intervening indictment cuts short a preliminary examination. First, a defendant's opportunity for discovery is not denied, by the abridgement of a preliminary examination, it is merely delayed. Rule 16, Fed.R.Crim.P., and the disclosure requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as applied in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 765, 31 L.Ed.2d 104 (1972), and in Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968), afford ample opportunity for discovery after an indictment has been returned. If it is argued to the contrary that additional discovery is necessary then, as stated by Professor Wright, it should be provided by "carefully considered amendment of the rules, rather than by a novel construction of the existing rule." 1 C. Wright, Federal Practice and Procedure, Criminal: § 80 at 139–140 (1969 ed.).

Second, the preliminary examination does serve an important, substantive purpose, although at times the proceedings must appear to the defendant as little more than a legal charade. Even though the grand jury indictment, not the preliminary examination, is dispositive of determining probable cause, the magistrate's examination stands as a safeguard to ensure that the defendant will not be held in custody without probable cause while the government waits to present its evidence to the grand jury. A cogent statement of the prelim-

4. The decision of the Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), is not inconsistent with this disposition as it speaks to the constitutional requirement that *counsel* be provided when a preliminary hearing is held, and it is not addressed to the question of whether a hearing must be allowed to continue in the face of an intervening indictment.

inary hearing's place in our system of justice is provided by Professor A. Kenneth Pye's testimony in support of the predecessor "commissioner's hearing", before the Subcommittee on Improvements in Judicial Machinery of the Senate Judiciary Committee: "One of the most important purposes is to provide protection against arrests for investigation. It is not only a determination of probable cause but a determination of probable cause shortly after the arrest which is significant. The requirement that the defendant be brought before the Commissioner without unnecessary delay[5] and the right of the defendant to have a hearing to determine whether there is probable cause combine to discourage law enforcement officers from arresting on suspicion and then investigating the case at their leisure to determine whether there is probable cause. The elimination of the Commissioner's hearing is an open invitation to arrests for investigation. If a subsequent investigation develops no probable cause, or establishes the defendant's innocence, the grand jury can be requested to return an ignoramus. During the interval, the defendant will have been deprived of his liberty in violation of the Constitution, but will be without redress. The present hearing provision is one of the best devices which we have found to implement the Fourth Amendment's requirement of arrest on probable cause." Hearings on the United States Commissioner System, before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 89th Cong., 1st Sess., pt. 2, at 270 (1965).

In certain cases the government's ability to opt out of an unfavorable proceeding may undermine belief in and respect for the fair administrative of justice. Such conduct is not to be applauded. Nevertheless, in those cases where the government abandons prosecution rather than suffer the consequences, the principal overriding value of the preliminary examination is vindicated and remains undisturbed. In the present case no substantive rights of defendant have been lost and for the reasons stated above, defendant's motions are denied.

---

5. The date for the preliminary examination is set by the magistrate at the initial appearance of the arrested person but in no event may it be later than "(1) the tenth day following the date of the initial appearance . . . if the arrested person is held in custody without any provision for release, or is held in custody for failure to meet the conditions of release imposed, or is released from custody only during specified hours of the day; or (2) the twentieth day following the date of the initial appearance if the arrested person is released from custody under any condition other than a condition described in paragraph (1) of this subsection." 18 U.S.C. § 3060(b)(1) and (2).