No. 47,356

STATE OF KANSAS, *Appellee*, v. CURTIS E. DANIELS, *Appellant*.

(523 P. 2d 368)

Opinion filed June 15, 1974.

*Ralph Winters, Jr.,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* district attorney, and *Stephen M. Joseph,* of counsel, of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant appeals from conviction of one count of blackmail under K. S. A. 1972 Supp. 21-3428 (*b*) (now K. S. A. 1973 Supp. 21-3428 [*b*]) and sentence therefor of one to five years.

The basic facts are not in dispute and we set forth only the facts necessary to our decision. It is our wish to encourage the kind of citizen aid to law enforcement officials which resulted in this conviction; and continued, unnecessary exposure of the victims of crime to the embarrassing details thereof would not accomplish that purpose.

Defendant testified in his own behalf and admitted that in 1972 he was blackmailing the girl who testified against him by threatening to distribute compromising pictures of her if she did not pay him $100.00 within one week. His only defense is that he was later entrapped into the act of selling the pictures to her father, which act is the basis of the charge against him.

On appeal, defendant contends it was error for the trial court to refuse his request for an instruction on the defense of entrapment.

He relies on holdings of this court to the effect the defense of entrapment is available when defendant is induced to commit a crime which he had no previous disposition to commit. Defendant points out our decisions which hold when events which culminate in a criminal charge commence with a police solicitation the defense of entrapment almost always presents a question of fact for the jury. (*State v. Reichenberger,* 209 Kan. 210, 495 P. 2d 919; *State v. Houpt,* 210 Kan. 778, 504 P. 2d 570; *State v. Einhorn,* 213 Kan. 271, 515 P. 2d 1036.) He argues from these cases that he was entitled to an instruction on entrapment since he raised the issue and presented some evidence in support of the defense. He testified it was only after he had been contacted by the girl's father that he decided to "play along" and sell the photographs to him. Defendant contends since the girl's father contacted him after seeking police help, he was acting as an agent of the police; therefore, the sale of the pictures was the result of police solicitation.

The entrapment statute, K. S. A. 1973 Supp. 21-3210, provides as follows:

"A person is not guilty of a crime if his criminal conduct was induced or solicited by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, unless:

"(*a*) The public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person or a co-conspirator; or

"(*b*) The crime was of a type which is likely to occur and recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful."

The meaning of the term, criminal purpose, as used in the statute is critical to our conclusion that the trial court did not err and defendant was not entitled to an instruction on entrapment. This court has expressly declined to read requirements of specificity into the term, criminal purpose. It connotes only a general intent or purpose to commit a crime or crimes when the opportunity is afforded rather than an intent to commit a specific criminal act at a specific time and place. (*State v. Bagemehl,* 213 Kan. 210, Syl. ¶ 3, 515 P. 2d 1104; *State v. Houpt,* supra, Syl. ¶ 1.) Defendant's own testimony revealed his general intent to commit the crime of blackmail. On cross-examination, he testified as follows:

"Q. Now you had previously told her you wanted a hundred dollars for those pictures, is that right?

"A. No I didn't tell her I wanted a hundred dollars for the pictures.

"Q. Oh you didn't?

"A. It was a hundred dollars that I wouldn't show the pictures to anybody. That was—not to buy the pictures.

"Q. Oh, you were going to keep the pictures and still charge her a hundred dollars for them, is that right?

"A. That was it.

"Q. Did you also tell her that you wanted [her] to prostitute herself for you?

"A. That's right."

In this case there is no evidence that defendant's general criminal purpose to blackmail was instigated by the girl's father or by police inducement and solicitation. The defense of entrapment is not available when, as in this case, the general criminal purpose to blackmail is admitted by the accused and preceded the specific act of selling the pictures to the girl's father.

As his second point on appeal, defendant asserts his Fourth Amendment rights to be free of unreasonable searches and Fifth Amendment protections against self-incrimination were violated by admission into evidence of two tape-recorded telephone conversations between himself and the girl's father. Defendant's argument that the girl's father was acting as a police agent because he accepted police help and advice is not convincing; but assuming arguendo and without deciding, that he was acting for the state, there is no merit to defendant's constitutional claims under the Fourth and Fifth Amendments.

It is settled law that a state agent may tape-record such a telephone conversation without violating the other party's Fourth Amendment rights if the agent is a party to the conversation or has the consent of one party. (*United States v. King,* 472 F. 2d 1, [9th Cir. 1973]; *United States v. Coley,* 441 F. 2d 1299 [5th Cir. 1971], cert. den. 404 U. S. 867, 30 L. Ed. 2d 111, 92 S. Ct. 85; *United States v. Viviano,* 437 F. 2d 295 [2d Cir. 1971], cert. den. 402 U. S. 983, 29 L. Ed. 2d 149, 91 S. Ct. 1659; *Boulware v. Battaglia,* 344 F. Supp. 889 [D. Dela. 1972], aff'd 478 F. 2d 1398 [3rd Cir. 1973]; *Holt v. United States,* 404 F. 2d 914 [10th Cir. 1968], cert. den. 393 U. S. 1086, 21 L. Ed. 2d 779, 89 S. Ct. 872. See also *State v. Wigley,* 210 Kan. 472, 502 P. 2d 819.)

Defendant's argument amounts to an assertion that he has a constitutional right to rely upon possible flaws in the agent's, informant's, or the victim's memory, and to challenge his credibility without being beset by corroborating evidence. Defendant does not have that right under the Fourth Amendment. (*Lopez v.*

*United States,* 373 U. S. 427, 10 L. Ed. 2d 462, 83 S. Ct. 1381, reh. den. 375 U. S. 870, 11 L. Ed. 2d 99, 84 S. Ct. 26.) The activities of the girl's father in telephoning defendant as either victim or police agent would be considered a proper investigation and lawful under the Fourth Amendment. It would be inconsistent to consider such activities uncontitutional when accompanied by a tape recorder. (*United States v. White,* 401 U. S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122, reh. den. 402 U. S. 990, 29 L. Ed. 2d 156, 91 S. Ct. 1643.)

Again, assuming without deciding, that the girl's father was acting as an agent of the state, there is no merit to defendant's claim that admission of the tape recordings violated his Fifth Amendment privilege against self-incrimination. Defendant's incriminating statements were not elicited through any compulsion, but were voluntarily made to the girl's father. When a defendant's incriminating statements to a government agent are not the product of any sort of coercion, legal or factual, no right protected by the Fifth Amendment is violated by admitting the agent's testimony and the accompanying tapes. (*Hoffa v. United States,* 385 U. S. 293, 17 L. Ed. 2d 374, 87 S. Ct. 408, reh. den. 386 U. S. 940, 951, 17 L. Ed. 2d 880, 87 S. Ct. 970.)

Defendant has raised no meritorious constitutional or legal question, and the judgment of the trial court is hereby affirmed.