No. 51,877

STATE OF KANSAS, *Appellee,* v. LADON JOHNSON, *Appellant.*

(621 P.2d 992)

Opinion filed January 17, 1981.

*James S. Phillips, Jr.,* of Phillips & Phillips, Chartered, of Wichita, argued the cause and was on the brief for appellant.

*Timothy J. Chambers,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: LaDon Johnson appeals from his conviction by a jury of one count of aggravated arson, K.S.A. 21-3719. LaDon and Elizabeth Johnson, husband and wife, had been residents of Wichita. Following an argument, Elizabeth went to Hutchinson to stay with a friend, Louise Massey, at her residence. Mrs. Massey occupied the house along with her five children. Approximately one week later, on July 10, 1979, the home of Louise Massey was set on fire and appellant was charged and subsequently convicted of aggravated arson. Mrs. Johnson had been residing at the Massey home for several days and was present in the house when the fire occurred. The evidence was conclusive that the fire was the result of arson.

The marriage of LaDon and Elizabeth Johnson was a turbulent one with frequent arguments between the parties. One such incident, approximately a month prior to the fire, resulted in Mrs. Johnson receiving a broken nose. Mr. Johnson had on occasion threatened to kill his wife and, after she left Wichita and prior to the Massey fire, the appellant, in a telephone conversation,

threatened to "jump on" her. It also appears that he threatened to kill her if she returned to Wichita.

On the night of the fire, LaDon Johnson attempted to contact his wife at the Massey residence by telephone. Mrs. Johnson, although present, did not wish to talk with him and the call was taken by Carol, the sixteen-year-old daughter of Louise Massey. During the conversation appellant accused the Masseys of playing games with him and stated that if they didn't stop messing around with him, then "you guys going to get it." Carol's testimony about the conversation could be interpreted to mean that Johnson threatened to come to Hutchinson that night.

Angela Massey, another daughter, testified that at the time of the fire she saw a black man wearing a black T-shirt run from the porch. There was evidence LaDon Johnson owned a black T-shirt and the man Angela saw running from the porch was about the same physical build as appellant.

Following the fire, police and fire investigators determined that the fire was set and a flammable liquid, probably gasoline, had been poured on the porch and ignited. In the Massey yard the investigators recovered an antifreeze can, a lid to an antifreeze can, and a book of matches from a QuikTrip store. Testimony revealed there were no QuikTrip stores in Hutchinson but several in Wichita. Mrs. Johnson advised authorities, and later testified, that her husband had several antifreeze cans in the garage at their Wichita home. When the garage was searched no antifreeze cans were found but police did recover an antifreeze can and a five-gallon gasoline can from defendant's van on July 17, 1979. Other evidence introduced at trial was equally circumstantial in nature.

Two or three days after the fire, appellant attempted to contact his wife by telephone. He left word for his wife to call him at work on his lunch hour. Mrs. Johnson notified fire inspector Tipton and they called LaDon Johnson. The telephone conversation was recorded without the knowledge of the appellant but with the full knowledge and cooperation of Mrs. Johnson. During the course of the conversation, Mrs. Johnson attempted to get information from her husband about the fire. He denied any knowledge of the fire but when asked where he was on the night of the fire, he stated that after calling the Massey residence he just went crazy and drove around up and down the street during the night. He did not admit to being in Hutchinson. A transcript of

the conversation was admitted in evidence and Mrs. Johnson testified about the conversation.

No evidence was presented on behalf of the defendant.

Appellant's first point on appeal is that there was insufficient evidence to support the verdict. The standard to be applied is:

"Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt?" *State v. Voiles,* 226 Kan. 469, Syl. ¶ 6, 601 P.2d 1121 (1979).

A careful review of the record indicates the test of *Voiles* has been met in this case.

Appellant next asserts error in the admission of the testimony of Elizabeth Johnson, alleging it was privileged under K.S.A. 60-423(*b*), which provides:

"(*b*) An accused in a criminal action has a privilege to prevent his or her spouse from testifying in such action with respect to any confidential communication had or made between them while they were husband and wife, excepting only (1) in an action in which the accused is charged with (*i*) a crime involving the marriage relation, or (*ii*) *a crime against the person or property of the other spouse or the child of either spouse,* or (*iii*) a desertion of the other spouse or a child of either spouse, or (2) as to the communication, in an action in which the accused offers evidence of a communication between himself or herself and his or her spouse." (Emphasis added.)

Although Elizabeth Johnson was not named in the original complaint and information as one of the individuals occupying the Massey house, it was undisputed that she had been residing at the Massey residence and appellant knew she had been staying there. Under the evidence and circumstances of this case, the testimony by Mrs. Johnson would fall within K.S.A. 60-423(*b*)(1)(*ii*). There was no violation of the marital privilege. See also K.S.A. 60-428(*b*)(3) and *State v. Glover,* 219 Kan. 54, 547 P.2d 351 (1976).

Next, appellant contends that the admission of the transcript of the recorded telephone conversation and testimony relative thereto violated (a) the prohibition against unreasonable searches and seizures and the right of due process guaranteed by the Kansas and United States Constitutions; (b) K.S.A. 1979 Supp. 22-2516(4); and (c) the marital privilege contained in K.S.A. 60-423(*b*).

In *State v. Daniels,* 215 Kan. 164, 523 P.2d 368 (1974), defendant was convicted of blackmail. On appeal he contended that his

Fourth Amendment rights to be free of unreasonable searches and Fifth Amendment protections against self-incrimination were violated by admission into evidence of two tape-recorded telephone conversations between defendant and the father of the girl he was blackmailing. In rejecting appellant's argument, this court held:

"It is settled law that a state agent may tape-record such telephone conversation without violating the other party's Fourth Amendment rights if the agent is a party to the conversation or has the consent of one party. (Citations omitted.)" p. 166.

See also *State v. Jordan,* 220 Kan. 110, 551 P.2d 773 (1976), and *State v. Wigley,* 210 Kan. 472, 502 P.2d 819 (1972).

In the case at bar Inspector Tipton clearly had the permission of Mrs. Johnson to tape-record her conversation with defendant. We have previously determined that the marital privilege contained in 60-423(*b*) does not apply and K.S.A. 1979 Supp. 22-2516(4) clearly is not applicable to the facts in this case. The point is without merit.

In the fourth point on appeal, it is argued that it was error to admit testimony concerning alleged threats and misconduct of defendant. The record reveals there were no proper specific contemporaneous objections made to the testimony. It is the rule in this jurisdiction that failure to make timely, specific objection to the admissibility of evidence will bar consideration of the admissibility question on appellate review. K.S.A. 60-404; *State v. Phipps,* 224 Kan. 158, 578 P.2d 709 (1978); *State v. Fisher,* 222 Kan. 76, 563 P.2d 1012 (1977). We have previously shown that the evidence was not subject to the marital privilege, it was certainly relevant, and no error is shown.

During final argument the State's attorney stated:

"As I have said numerous times there are two parties to this lawsuit: The defendant, LaDon Johnson, and the people of the State of Kansas are in fact—or in fact the people who are residents of Reno County, Kansas, and I submit based on the evidence presented to you that its time to state it to the people of Reno County, Kansas, and to LaDon Johnson that we don't care if you're involved in domestic disputes. We don't care if you are half crazy worried about your wife. You are not going to come into Reno County and you are not going to set fire to people's houses when people are inside the houses. Because that's against the law and if you violate the law you should be found guilty for committing a crime."

Appellant contends he should have been granted a mistrial.

Assuming, without determining, that the argument was improper, the record indicates that counsel for the defendant ob-

jected and the jury was admonished in the manner requested by the defendant. We find no error. *State v. Watkins,* 219 Kan. 81, 547 P.2d 810 (1976).

Appellant's final two points are alleged error in failing to grant a new trial and that he was denied a fair trial as required by the Kansas and United States Constitutions. Arguments in support of both contentions go to the sufficiency of the evidence and trial court evidentiary rulings and have previously been considered in this opinion.

The judgment is affirmed.