Steven A. Kraushaar Marshall County Attorney Marshall County Courthouse 1201 Broadway Marysville, Kansas 66508-1844
Dear Mr. Kraushaar:
As county attorney you inquire whether the sheriff's department can tape record incoming telephone calls from members of the public without running afoul of K.S.A. 21-4001 (eavesdropping) and K.S.A. 21-4002
(breach of privacy). Evidently, persons who call the sheriff's department are unaware that all telephone calls are tape recorded.
K.S.A. 21-4001(1)(c) provides in relevant part as follows:
 "(1) Eavesdropping is knowingly and without lawful authority:
. . . .
 "(c) Installing or using any device or equipment for the interception of any telephone, telegraph or other wire communication without the consent of the person in possession or control of the facilities for such wire communication."
K.S.A. 21-4002(1)(a) provides in relevant part as follows:
 "(1) Breach of privacy is knowingly and without lawful authority:
 "(a) Intercepting, without the consent of the sender or receiver, a message by telephone, telegraph, letter or other means of private communication;"
Kansas appellate courts have construed these statutes with their federal counterparts at 18 U.S.C.A. sec. 2511 and 47 sec. U.S.C.A. 605. State v. Hruska, 219 Kan. 233, 240 (1976).18 U.S.C.A. sec. 2511(1)(a) prohibits a person from intentionally intercepting any oral communication, however, section (2)(c) provides an exemption for a person acting under color of law who is a party to the communication. 47 U.S.C.A. sec. 605 prohibits a person who receives an interstate, intrastate, or foreign communication by wire or radio from divulging its contents to a person who is not authorized to receive it. In Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134
(1957), the court concluded that one entitled to receive a communication may use it for his or her own benefit and either party may record the conversation without the knowledge of the other party — there being no "interception". In Attorney General Opinion No. 78-381 we concluded that there is no "interception" as that term is used in K.S.A. 21-4001 and K.S.A. 21-4002 where a telephone conversation is recorded with the consent of one of the parties. In State v. Wigley, 210 Kan. 472, 474
(1972), the Supreme Court found no violation of K.S.A. 21-4001(1)(c) and K.S.A. 21-4002(1)(a) where an informer recorded his telephone conversation with a defendant. The court concluded that K.S.A.21-4002(1)(a) enjoins only interceptions without the consent of either the sender or receiver. [See also State v. Roudybush, 235 Kan. 834
(1984); State v. Johnson, 229 Kan. 42 (1981) and State v. Bowman NationalSecurity Agency Inc., 231 Kan. 631 (1982).] Finally, the tenth circuit found nothing in Kansas law that prohibited a person from tape recording his conversations with another person even if done surreptitiously.Holmes v. Finney, 631 F.2d 150 (10th Cir. 1980).
As far as a civil cause of action is concerned, Kansas recognizes a cause of action for invasion of privacy. Froelich v. Adair, 213 Kan. 357
(1973). Invasion of this right comprises four distinct torts, however, the one that may be applicable here would be the tort identified as "intrusion upon seclusion" which occurs when one intentionally, physically or otherwise, intrudes upon the solitude or seclusion of another or his private affairs or concerns if the intrusion would be highly offensive to a reasonable person. Rinsley v. Frydman, 221 Kan. 297
(1977).
It is highly questionable whether a person would succeed in such an action, however, much would depend on what, if anything, the sheriff's department does with the information it receives from a person. In any event, it is our opinion that the surreptitious recording of a telephone conversation between a person and an employee of the sheriff's department would not — by itself — give rise to such a cause of action.
Summarizing our opinion, we conclude that a sheriff's department may tape record telephone conversations between an unsuspecting member of the public and an employee of the sheriff's department as long as one of the parties consents to the recording.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm