**UNITED STATES of America**

**v.**

**Stephen PACK**

**CRIM. CASE NO. 5:17–MJ–00557**

United States District Court, S.D. Texas, Laredo Division.

Signed 06/09/2017

George Joseph Altgelt, 219 E. Del Mar, Ste. 2, Laredo, TX 78041, 956–725–4400, Fax: 956–725–4401, Email: laredolaw office@gmail.com, Donald Herbert Flanary, III, Flanary Law Firm, 1005 South Alamo, San Antonio, TX 78210, 210–738–8383, Fax: 210–738–9426, Email: donflanary@hotmail.com, for Stephen Pack.

Giselle S. Guerra, United States Attorney's Office, 11204 McPherson Rd., Ste 100A, Laredo, TX 78045, 956–794–2114, Email: giselle.guerra@usdoj.gov, for United States of America.

## MEMORANDUM AND ORDER

THE HONORABLE J. SCOTT HACKER, United States Magistrate Judge

The government alleges that Defendant Stephen Pack ("Defendant") did knowingly persuade, induce, entice, and/or coerce a person under eighteen years old to engage in sexual activity, or did attempt to do so, by use of any facility or means of interstate commerce in violation of 18 U.S.C. § 2422(b). (Dkt. No. 4 (Criminal Complaint) at 1). The Court held a preliminary hearing on June 6, 2017, pursuant to 18 U.S.C. § 3060 and Rule 5.1 of the Federal Rules of Criminal Procedure. For the reasons that follow, the Court **FINDS** that there is **PROBABLE CAUSE** to believe that Defendant committed the alleged offense and therefore **ORDERS** Defendant's appearance for further proceedings.

### EVIDENTIARY BACKGROUND

#### A. Government's Evidence.

The evidence presented by the government consisted of the testimony of Special Agent Sara Angelo Santo ("SA Santo") of the United States Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and communications via Kik Messenger and cellular messaging between Defendant and an HSI Laredo special agent posing as a mother of a thirteen-year-old girl as well as the thirteen-year-old girl. SA Santo relayed allegations made by HSI Special Agent Sara Adams whose affidavit was attached to and supported the criminal complaint. (Dkt. No. 4 at 2).

The government's evidence demonstrated that HSI Laredo special agents initiated an investigation into an individual who was seeking a "taboo role-play" relationship with a woman through a posting on Craigslist. This investigation was launched on May 10, 2017. HSI special agents understood the term "taboo role-play" to mean "underage sex." From May 10, 2017, through May 26, 2017, Defendant communicated his desires and plans to engage in sexual acts directly with the HSI special agent who was posing as both the mother and young daughter. (*See* Government Exhibits 1 and 2).

On May 26, 2017, Defendant drove from San Antonio, Texas, to Laredo, Texas, for the alleged purpose of engaging in the sexual acts described in the communications. Defendant was in contact with the HSI special agent while traveling southbound and upon arriving in Laredo. HSI agents arrested Defendant as he was departing the "Flying J" convenience store at IH–35 South, Exit 13, in Laredo. HSI agents later discovered an unopened box of condoms and a "V Shot" male endurance formula drink in the center console cup holder of Defendant's vehicle.

#### B. Defendant's Evidence.

Defendant's counsel proffered that Defendant has lived in the United States for his entire life; Defendant is employed by the United States Air Force; and Defendant has every intention to clear his name of the instant charges. Counsel further proffered that Defendant's wife is aware that Defendant meets other women online;

Defendant's wife believes her marriage is based on trust; and Defendant's wife believes in Defendant's innocence. The government did not object to this evidence by way of proffer.

## LEGAL STANDARD

█ The purpose of a preliminary hearing is to ascertain "whether or not there is probable cause to warrant detention of the accused pending a grand jury hearing." *United States v. Coley*, 441 F.2d 1299, 1301 (5th Cir. 1971). A magistrate judge must order the defendant to appear for further proceedings if the judge finds "probable cause to believe an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e). The magistrate judge must dismiss the complaint and discharge the defendant if the judge finds "no probable cause to believe an offense has been committed or [that] the defendant committed it."[1] Fed. R. Crim. P. 5.1(f). "The probable cause determination is made *de novo* relative to the arrest, based on the facts and circumstances as they exist at the time of the preliminary hearing." *United States v. Perez*, 17 F.Supp.3d 586, 593 (S.D. Tex. 2014) (Hacker, J.). "It is the government's burden to submit sufficient evidence of these facts and circumstances." *Id.*

█ "Probable cause is the existence of reasonable grounds to believe the accused committed the charged offense." *In re Extradition of Vargas*, 978 F.Supp.2d 734, 746 (S.D. Tex. 2013). "This term signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *In re Extradition of Cervantes Valles*, 268 F.Supp.2d 758, 772 (S.D. Tex. 2003). "In making this determination, courts apply a totality of the circumstances analysis and make a practical, common

sense decision whether, given all the circumstances, there is a fair probability that the defendant committed the crime." *Vargas*, 978 F.Supp.2d at 746–47 (internal quotation omitted). The finding of probable cause may be based upon hearsay evidence in whole or in part. Fed. R. Crim. P. 5.1(e) advisory committee's note to 2002 amendment; Fed. R. Evid. 1101(d)(3). A court must view the evidence in the light most favorable to the prosecution. *Illinois v. Gates*, 462 U.S. 213, 237 n.10, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

## DISCUSSION

Defendant asserts four grounds upon which the Court should dismiss the criminal complaint and discharge the defendant. First, Defendant asserts that the government has failed to adduce sufficient evidence that Defendant violated each and every element of the crime of enticement of a minor, 18 U.S.C. § 2422(b). Second, Defendant asserts that venue does not lie in the Southern District of Texas. Third, Defendant asserts that the affirmative defense of entrapment negates probable cause. Fourth, Defendant asserts that the interpretation of the evidence is innocuous. The Court addresses each of these arguments in turn.

█ First, Defendant argues that the government has not established probable cause as to each and every element of the crime of enticement of a minor. In support of this argument, Defendant asserts that Section 33.021 of the Texas Penal Code ("Online Solicitation of a Minor"), the state analog to the federal enticement statute, was held invalid by the Texas Court of Criminal Appeals to the extent that it criminalized the online solicitation of sexual acts from a law enforcement officer

---

1. A court's dismissal of a complaint for lack of probable cause does not preclude the government from later prosecuting the defendant for the same offense. Fed. R. Crim. P. 5.1(f).

posing as a minor. It, however, is well recognized that although "state court precedent is binding upon [ ] issues of state law, it is only persuasive authority on matters of federal law." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). This is especially true when there is binding federal precedent on point, as there is here. In *United States v. Caudill*, the Fifth Circuit held that a defendant commits a violation of § 2422(b) when he believes he is communicating with a minor child or the child's adult intermediary, even if a law enforcement officer is posing as the "minor child" or "adult intermediary." 709 F.3d 444, 447 (5th Cir. 2013). While Defendant further argued that such an interpretation of 18 U.S.C. § 2422(b) defeats Congress' intent, Defendant provided no legislative history to support Congressional intent. Moreover, "only *after* the language of a statute is found to be ambiguous are [courts] entitled to launch an extra-statutory search for Congressional intent." *Mississippi Poultry Ass'n, Inc. v. Madigan*, 9 F.3d 1113, 1115 (5th Cir. 1993), on reh'g, 31 F.3d 293 (5th Cir. 1994). Defendant has provided no affirmative showing that persuades this Court that the federal enticement statute is ambiguous. Accordingly, Defendant's first argument is unavailing.

 Second, Defendant argues that the criminal complaint must be dismissed because venue does not lie in the Southern District of Texas. Defendant is mistaken. "Section 2422(b) constitutes a continuing offense." *United States v. Rounds*, 749 F.3d 326, 335 (5th Cir. 2014). *See also United States v. Byrne*, 171 F.3d 1231, 1235 n.2 (10th Cir. 1999) ("Coercion and enticement in violation of 18 U.S.C. § 2422 is a continuing offense under 18 U.S.C. § 3237 and venue is proper in 'any district in which such offense was begun, continued, or completed.' "). Proper venue for a continuing offense is "any district in which such offense was begun, continued, or com-

pleted." 18 U.S.C. § 3237(a). Venue can be based on "evidence showing the commission of *any single act* that was part of the beginning, continuation, or completion of the crime." *United States v. Fells*, 78 F.3d 168, 171 (5th Cir. 1996) (emphasis added). The government has established that venue is proper in the Southern District of Texas for two sufficient reasons—(a) Defendant's use of e-mail and messaging from his computer or cellular phone to the HSI special agent's computer or cellular phone, which was located in this district, was in furtherance of the offense, and (b) Defendant's presence in this district on May 26, 2017, as he was driving toward the purported minor's location, was in furtherance of the offense. *See, e.g., Byrne*, 171 F.3d at 1234–35 ("The evidence indicates that defendant used telecommunications devices in interstate commerce to communicate with a minor in New Mexico and that defendant traveled to New Mexico, where he engaged in sexual acts with the minor."); *Rounds*, 749 F.3d at 335–36 ("Because the phone calls and text messages sent on or about March 17 to the minor who was in the Western District constitute acts that were part of the completion of Count Two, the government sufficiently established venue."); *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) (finding that telephone call from Florida to Texas was sufficient to establish venue in the Western District of Texas when the telephone call was in furtherance of the offense). Therefore, the government sufficiently established venue in this district.

 Third, Defendant argues that the affirmative defense of entrapment negates probable cause. Defendant is "mistaken as to the relationship between entrapment and probable cause." *Torres v. Marquardt*, No. 93-CV-2993 JG, 1997 WL 1068680, at *4 (E.D.N.Y. Apr. 3, 1997). The

*Torres* Court, addressing the essence of Defendant's same argument, held that the defense of entrapment "does not negate the commission of the crime" or any of its elements. *Id.* at *4 (internal quotation omitted). *See also Labensky v. Cty. of Nassau*, 6 F.Supp.2d 161, 177 (E.D.N.Y. 1998), *aff'd sub nom. Labensky v. Rozzi*, 173 F.3d 845 (2nd Cir. 1999) ("A claim of entrapment does not negate the commission of the crime charged or the existence of any element thereof.") Rather, the defense is a "confession and avoidance." *Id.* (internal quotation omitted). "It does not undo what the defendant has done." *Id.* Rather, the entrapment defense reflects a determination that, although a crime has been committed, no judgment of conviction should result because of the combination of government inducement and the absence of predisposition. *See id.* "Thus, the probable cause arising from [Defendant's] actions remains unaffected by the subsequent [pleading] of entrapment." *Id.*

 Fourth, Defendant argues that the interpretation of the evidence is innocuous for two reasons. Foremost, Defendant argues that sexual intercourse with a thirteen-year-old girl is "gross" or disgusting. Using this rationale, Defendant concludes that he was "faking" any desire or intent to engage in sexual activity with a thirteen-year-old girl and that he only intended to engage in sexual intercourse with the minor's mother. This argument presupposes facts that are not in evidence. Indeed, when viewing the evidence in the light most favorable to the government, as this Court must, the text messages in evidence suggest the exact opposite; namely, that Defendant expressed an explicit desire to engage in sexual activity with the thirteen-year-old girl. For this same reason, Defendant's secondary argument that the government failed to adduce any evidence that connects Defendant with the crime because nothing was recovered from Defendant's cellular phone rings hollow.

Pictures of Defendant were sent to the HSI special agent. Viewing this fact in the light most favorable to the government, the Court finds that there is a fair probability that Defendant is connected to the crime. Defendant's fourth and final argument is thus unavailing.

### CONCLUSION

For the foregoing reasons, the Court **FINDS PROBABLE CAUSE** to believe that Defendant committed the offense of enticement of a minor, 18 U.S.C. § 2422(b). Accordingly, the Court **ORDERS** Defendant to appear for further proceedings.

**IT IS SO ORDERED.**