No. 43,983

STATE OF KANSAS, *Appellee*, v. GLENN RINGLER, *Appellant*.

(397 P. 2d 360)

Opinion filed December 12, 1964.

*Theodore M. Metz*, of Lincoln, argued the cause, and was on the briefs for the appellant.

*Richard W. Wahl*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant was convicted by a jury of assault and battery (G. S. 1949, 21-436) and sentenced to pay a fine of $200 and costs. From an order overruling his motion for a new trial and the subsequent imposition of the sentence, defendant has appealed.

The complaint charged that on December 21, 1963, the defendant, Glenn Ringler, did unlawfully assault, beat and wound one Hubert Cooper. The pertinent facts follow.

During the fall of 1963 Hubert Cooper rented a dwelling from Glenn Ringler, defendant (appellant). On December 1, Cooper notified defendant of his intention to vacate the premises as of January 1, 1964. On the evening of December 21, Cooper telephoned Ringler's residence and advised that he was in the process of moving out of the house, that he had drained the water pipes, but that the propane tank had run dry. Ringler then contacted Cooper, who still had the keys to the house, and asked to be permitted to enter the house and check the plumbing. Cooper, accompanied by Albert Rippe, met Ringler, Paul Privett and two other temporary employees of defendant at the house. Cooper unlocked the door and admitted the group to the house. A tour of inspection which terminated in the kitchen was made of the house. The light switch in the kitchen was turned on but the light in the ceiling failed to function. Cooper climbed upon a chair and removed the

globe from the light fixture. While Cooper was standing on the chair holding the globe in his hands in front of him, defendant walked over and struck Cooper across the face, knocking him to the floor.

At the trial defendant admitted lunging forward and making contact with Cooper, causing him to fall from the chair. This statement was supported by the testimony of other witnesses. Defendant contends he thought Cooper was going to throw the light globe at him or one of those present, or was going to break it, and thus struck Cooper in defense of his person and property. The evidence disclosed that up to the time of the alleged assault there were no harsh words or argument between Cooper and the defendant.

In the district court the defendant maintained that his actions were in self-defense of person and property, and that he used only such force against Cooper as was necessary to restrain him from injuring his person or destroying his property, and requested the trial court to give an instruction to the effect that defendant had the right and might use such force as was reasonably necessary to defend himself against an assault by Cooper on his person or the destruction of his property.

It may be here noted that the trial court instructed that defendant might use such force as was necessary to repel an attack upon his person but refused to instruct that defendant might also defend against the destruction of his property. The court gave instruction No. 7, which was as follows:

"The defendant in this case denies that he did strike the complaining witness Hubert Cooper, but claims that if he did so he did so in self-defense, and you are instructed that if a person is assaulted by another in such a manner as to give him reasonable grounds to believe that there is a design on the part of the assailant to do him bodily harm and there is immediate danger that such design will be accomplished and if he honestly believes that such design on the part of his assailant and such danger to himself actually exists, then he has the right to stand his ground and to use such force as shall, on reasonable grounds appear to him, to be necessary to repel the attack, but if he uses greater force than reasonably appears to be necessary, he himself becomes the aggressor and his plea of self-defense cannot avail him."

The defendant's sole contention on appeal is that the trial court erred in failing to instruct the jury also that the defendant could lawfully use that amount of force which was necessary under the circumstances to repel Cooper from destroying defendant's property, i. e., the light globe.

It is true that one of the court's duties is to instruct the jury on the law applicable to the theories of both parties so far as they are supported by any competent evidence. The instructions given must be germane to the issues raised by the pleadings and must be limited to those issues supported by some evidence. (*Schmid v. Eslick*, 181 Kan. 997, 1004, 317 P. 2d 459; *Knox v. Barnard*, 181 Kan. 943, 317 P. 2d 452.) Where no evidence is presented, or the evidence presented is undisputed and is such that reasonable men could not accept it as sufficient to establish the existence of a fact, it becomes the duty of the court to remove the issue from the jury. In that event, the matter becomes a question of law for the court's determination. (*Schmid v. Eslick*, supra.) This court has consistently held that an instruction which is a correct statement of the law as an abstract proposition should not be given in a case unless it is applicable to the facts disclosed by the evidence received at the trial. (*Houghton v. Sabine Lumber Co.*, 128 Kan. 584, 278 Pac. 758; *Honick v. Railway Co.*, 66 Kan. 124, 71 Pac. 265.)

In the instant case an examination of the record fails to reveal any evidence which indicates that Cooper at any time by any overt action showed his intention to destroy any property of the defendant, and the court properly refused defendant's requested instruction.

No other questions being raised on the appeal, the judgment of the trial court is affirmed.