No. 47,137

STATE OF KANSAS, *Appellee,* v. BRUCE EINHORN, *Appellant.*

(515 P. 2d 1036)

Opinion filed November 3, 1973.

*John C. Humpage,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Vern Miller,* attorney general, and *Lawrence P. Ireland,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant appeals from conviction and sentence of one to ten years and fine of $1,000 on one count of selling marijuana in violation of K. S. A. 1971 Supp. 65-2502 (now K. S. A. 65-4125 [*b*]).

The state's principal witness, Janet Elaine McClellan, working as a narcotics agent for the K. B. I., became acquainted with Jumi Hackney who volunteered he had or could get marijuana for her. At one of several meetings between Agent McClellan and Hackney concerning purchase of marijuana, Hackney called defendant Bruce Einhorn from his apartment and, according to McClellan, told him on the telephone, "I have a buyer here for you." McClellan testified Einhorn came to Hackney's apartment and after a brief conversation sold her two lids of marijuana for $20.00. She and Hackney then proceeded to smoke some of it. Defendant Einhorn testified to a different version of the transaction. He stated that at Hackney's telephoned request, he went to Hackney's apartment to return some marijuana which Hackney had asked him to keep several days before. Einhorn testified he agreed to hold it for Hackney under the mistaken belief that mere possession of marijuana was not a crime. He further testified he went to Hackney's apartment, laid the bag on a table between Hackney and McClellan, watched Hackney and McClellan roll a joint and smoke it, but saw no money change hands. As he was leaving, McClellan asked defendant to take her to her car at Denny's Restaurant, which he did. Defendant testified he had never smoked marijuana and had never possessed any except that belonging to Hackney. Hackney did not testify.

Defendant designates several points on appeal, one of which has merit. He raised the defense of entrapment by pretrial motion to dismiss and by motions for judgment of acquittal during trial. Since this was one of his theories of defense, he contends the jury should have been instructed on the law of entrapment. The state supports the court's refusal to instruct on the law of entrapment on two grounds: (1) Defendant did not admit the crime and was not entitled to the defense, and (2) there was no evidence of police solicitation to support such a defense.

Einhorn advanced three theories in his defense: (1) Merely returning Hackney's marijuana did not constitute a sale; (2) entrapment; and (3) mistake of law. The general rule is that the defense of entrapment is not available to a defendant who denies he committed the offense charged. (*State v. Farmer*, 212 Kan. 163, 510 P. 2d 180.) In *State v. Fitzgibbon*, 211 Kan. 553, 507 P. 2d 313, the defendant admitted his involvement in the crime, but claimed

he was a procuring agent. We held the defenses of entrapment and procuring agent were not inconsistent. In *State v. Taylor*, 375 S. W. 2d 58 (Mo. 1964), the facts were similar to those in the instant case and the court said:

". . . Taylor, admitting his participation in the acts leading up to the transfer of the narcotics, sought exoneration on two theories; first, that the facts admitted did not constitute a 'sale' as between defendant and the government agent and that defendant's connection with Darlene Moore did not make him jointly guilty with her; second, that he was entrapped. In other words, admitting that he was there; that he searched for and found a source of marijuana and a willing seller, arranged for a sale and was present when the narcotics were transferred, defendant argues that in legal contemplation his acts did not, technically, constitute a 'sale' or joint action with the seller, but that if he is wrong as to the legal effect of what he did, he nevertheless should be exonerated on the ground of entrapment. Under these circumstances both defenses are available." (p. 62.)

A defendant who refuses to admit any involvement in an incident out of which a criminal charge arises cannot use entrapment as a defense. A defendant who admits the acts charged by the state, but claims the acts fail to support a criminal charge, may raise entrapment as an additional defense. In situations where the defendant admits some involvement, but fails to admit all the facts alleged by the state, he may or may not be entitled to claim entrapment, depending on the degree of involvement he admits. Admission of substantial involvement would tend to permit the defense, while slight and limited admission would tend to deny the defense.

In this case, Einhorn admitted his participation in the acts leading up to the transfer of the marijuana. He admitted he possessed marijuana and transferred it in the presence of a police agent. He defends his acts on grounds of his mistaken belief that possession was not a crime and he did not participate in a sale; but if he is wrong as to the legal effect of what he did, he further contends he should be exonerated because he was entrapped. Applying the foregoing guidelines, we conclude Einhorn was entitled to have the jury instructed on entrapment even though he denied guilt of the offense charged.

The state's contention that there was no evidence to support the defense also fails to justify the lack of instruction on entrapment. The state points out the doctrine of entrapment is not applicable when the act of inducement or solicitation is by a private citizen who is not an officer of the law or an agent of such officer. *State v.*

*Farmer,* supra.) Agent McClellan's testimony that after a few moments' conversation defendant sold her the marijuana, is evidence from which the jury could have concluded the sale was solicited by her. She testified to contacting Hackney on four separate occasions and urging him to contact someone to obtain some marijuana for her. Her urging led to his call summoning Einhorn to her presence. Although Hackney participated extensively in obtaining the marijuana his acts were induced by McClellan. When events culminating in a criminal offense commence with a police or police agent solicitation, the defense of entrapment normally presents a question of fact for the jury. (*State v. Reichenberger,* 209 Kan. 210, 495 P. 2d 919.) It is the duty of the trial court to instruct the jury on the law applicable to the theory of both the prosecution and the accused insofar as they are supported by any competent evidence and are germane to the issues raised on the charge in the information. (*State v. Runnels,* 203 Kan. 513, 456 P. 2d 16 [Syl. ¶ 1]; *State v. Hamrick,* 206 Kan. 543, 479 P. 2d 854; *State v. Ringler,* 194 Kan. 133, 397 P. 2d 390; *State v. Barnes,* 164 Kan. 424, 190 P. 2d 193; *State v. Severns,* 158 Kan. 453, 148 P. 2d 488.)

Defendant specifies other trial errors, some of which need to be discussed in view of our order for a new trial. He claims the court erred in not holding entrapment proved as a matter of law. We have discussed this issue at length in *State v. Bagemehl,* 213 Kan. 210, 515 P. 2d 1104, and we hope we have shed some light on the issue of entrapment as a matter of law. Following *Bagemehl* and our reasoning above that entrapment presented a question of fact for the jury, we reject defendant's contention.

Defendant raised mistake of law in defense of his illegal possession of marijuana. He asserts the court erred in failing to instruct the jury on that issue. This point has no merit. The general rule is that ignorance of the law does not disprove criminal intent. (K. S. A. 1972 Supp. 21-3203.) Defendant based his belief that possession of marijuana was not a crime upon United States Supreme Court decisions which interpret the federal Marijuana Tax Act (26 U. S. C. § § 4741, *et seq.*). (*Leary v. United States,* 395 U. S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532; *United States v. Covington,* 395 U. S. 57, 23 L. Ed. 2d 94, 89 S. Ct. 1559; *Minor v. United States,* 396 U. S. 87, 24

L. Ed. 2d 283, 90 S. Ct. 284.) Regardless of whether defendant was justified in his interpretation of those decisions, he was in violation of Kansas law which makes possession of marijuana a misdemeanor. The statutory exemption for mistake of law applies only to a defendant's case done in reliance upon statutes, orders or opinions of the state supreme court or United States appellate court later over-ruled or reversed. (K. S. A. 1972 Supp. 21-3203.) The court correctly determined as a matter of law that defendant was not exonerated by his reliance upon United States Supreme Court decisions irrelevant to Kansas law. The defense of mistake of law was not a question of fact for the jury under these circumstances and the court correctly refused to instruct the jury thereon.

Defendant asserts the trial court erred in refusing his proposed separate instructions on burden of proof, reasonable doubt, and presumption of innocence, respectively. This claim of error has no merit. The instruction given by the court combines the three concepts and is the pattern instruction (PIK Criminal § 52.02) approved by this court in *State v. Taylor,* 212 Kan. 780, 784, 512 P. 2d 449. Where the instructions given cover the substance of those which were requested but refused, error cannot be predicated upon refusal to give the requested instructions. (*State v. Osburn,* 211 Kan. 248, 505 P. 2d 742.)

Defendant contends the trial court erred in denying his pretrial motion to discharge based upon alleged constitutional deficiencies in the complaint. Without ruling on the sufficiency of the evidence upon which the complaint was issued or the contents of the complaint leading to defendant's arrest, we find no merit to this point as it relates to the circumstances of this case. Even if deficient, this court has held many times that the unlawfulness of the arrest has no effect upon the court's jurisdiction to try a defendant charged under a valid information based upon the findings of a proper preliminary hearing. (*State v. Cook,* 194 Kan. 495, 399 P. 2d 835; *Call v. State,* 195 Kan. 688, 408 P. 2d 668 [cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581].)

Reversed and remanded for a new trial.