No. 47,072

State of Kansas, *Appellee*, v. Keith M. Bagemehl, *Appellant*.

(515 P. 2d 1104)

Opinion filed November 3, 1973.

*Charles S. Arthur, III*, of Arthur, Green & Arthur, of Manhattan, argued the cause, and *Richard H. Seaton*, of Everett & Seaton, also of Manhattan, was with him on the brief for the appellant.

*James W. Morrison*, county attorney, argued the cause, and *Vern Miller*, attorney general, and *Harlan W. Graham*, assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant Keith Bagemehl appeals from conviction and sentence of two to ten years on one count of sale of cocaine in violation of K. S. A. 1971 Supp. 65-2502 (now K. S. A. 65-4124).

The essential facts are not in dispute. Defendant was approached by William Childers while playing pool at Canterbury Court Recreation Center in Manhattan and asked if he had any drugs for sale. Childers at that time was working as an undercover narcotics agent supervised by Officer Larry Woodyard of the Manhattan police. Defendant told Childers he did not have any drugs on him, but Pete (Thrower) had some cocaine for sale at another location. Childers left, ostensibly to get some gasoline for his car, and met with Woodyard for further instructions. He returned to Canterbury Court and suggested to defendant they go find Pete. Defendant, his female companion, and Childers drove to International House where defendant and Pete lived. Officer Woodyard followed in another car. At International House defendant went in and came out again accompanied by Pete Thrower, who produced foil-wrapped packets of a whitish powder for Childers' inspection. Pete declared to Childers they contained high grade cocaine. Childers purchased one packet, put it in his wallet, and paid Pete $10.00 for it in two five-dollar bills. Pete then handed one of the five-dollar bills to defendant in the back seat of the car, and said, "Now we can go eat." They asked Childers to take them to a restaurant, but he refused, going instead to meet Officer Woodyard and turning his purchased drugs over to him. Woodyard initialed the packet and placed it in a plastic wrapper which he labeled for identification. A K. B. I. chemist later identified the substance and testified it was cocaine.

Defendant pleaded entrapment as his sole defense and contends his motion for acquittal should have been sustained because the defense was not successfully rebutted by the state, and entrapment was proved as a matter of law.

The defense of entrapment was established at common law in Kansas in *State v. Reichenberger*, 209 Kan. 210, 495 P. 2d 919, and codified in 1970. K. S. A. 1972 Supp. 21-3210 provides:

"A person is not guilty of a crime if his criminal conduct was induced or solicited by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, unless:

"(*a*) The public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person or a co-conspirator; or

"(*b*) The crime was of a type which is likely to occur and recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful."

Defendant contends if there is any police solicitation of the specific crime charged, then the criminal purpose did not originate with the defendant, and subsection (*a*) is not available to the state to overcome the defense of entrapment. Defendant argues police solicitation automatically proves lack of specific intent on the part of defendant to commit the crime with which he is charged. In that event, defendant argues, the state must prove general intent to commit crime by proving the defendant is in the business of selling drugs and the crime was of a type which is likely to occur and recur in the course of that business as provided in subsection (*b*). Not having proved defendant was in the business, defendant contends entrapment was established as a matter of law and his motion for acquittal should have been sustained. Defendant bases his interpretation of K. S. A. 1972 Supp. 21-3210 on the Judicial Council comment following the text of the statute. It focuses the inquiry raised by the defense of entrapment on the police activity which instigated the crime with which defendant is charged. The theory of the comment is that improper law enforcement methods should be penalized, and depriving the government of ill-gotten fruit, as in cases of illegally obtained evidence, is a proper penalty.

A similar argument was presented in *State v. Houpt*, 210 Kan. 778, 504 P. 2d 570. We disposed of defendant's contentions in that case and the decision controls the issue raised here. We said:

"In *Reichenberger* the history of the defense of entrapment was chronicled, and for the first time, in this jurisdiction, entrapment was recognized as a legal defense in a factual situation involving the sale of contraband such as narcotics or illicit intoxicating liquor. In *Reichenberger* we said that uncensorable solicitation by a police officer met with ready and willing compliance by the actor is

generally accepted as evidence of previous criminal intention. Instead of a showing of the existence of previous criminal intention, the language of subsection (a) of 21-3210, *supra*, requires that criminal purpose be originated by the accused. We see no difference in the import of the codified language and the parallel expression in *Reichenberger*. Both the new statute and our decision in *Reichenberger* restricts the conduct of the officer to that of merely affording an opportunity for committing the crime in furtherance of the criminal intent or purpose existing or originating in the mind of the accused. We believe the words 'criminal purpose,' as used in subsection (a) connotes only a general intent or purpose to commit the crime when an opportunity or facility is afforded for the commission thereof, rather than an intent to sell to a specific person at a specific time and place. We are not inclined to read requirements of specificity into the general term 'criminal purpose' selected by the legislature in its codification. In other words, we believe the provisions of 21-3210, in essence, are merely a codification of what this court has said in *Reichenberger* and *State v. Wheat*, 205 Kan. 439, 469 P. 2d 338. . . ." (p. 782.)

In addition to our statements in *Houpt* we should point out that the comments following the text of a statute are not part of the legislative enactment. The meaning of a statute is gleaned from the words of the statute itself and only if that language is ambiguous does the court look to extrinsic evidence for aid in construction. (82 C. J. S., Statutes, § 351.)

The defense of entrapment focuses on intent and predisposition of the defendant. The extent of government activity in creating or soliciting the crime charged is rarely a basis upon which courts will decide there was entrapment as a matter of law. The jury draws its conclusions as to whether defendant is entrapped by balancing the amount of government instigation against the alacrity of defendant's compliance and evidence of his other activities relevant to intent. The statutory defense of entrapment is actually an exception to the rule in K. S. A. 1972 Supp. 21-3201 that proof of willful conduct is all that is necessary to prove criminal intent.

The defense of entrapment was established in federal case law by *Sorrells v. United States*, 287 U. S. 435, 77 L. Ed. 413, 53 S. Ct. 210. The difference in the view of the majority and the concurring opinions is the difference between this court's interpretation of our entrapment statute and the theory defendant urges. In the majority opinion the inquiry focuses on the predisposition of the defendant; whereas, only the concurring opinions follow the theory defendant urges upon this court, focusing on whether the government instigated the crime by unacceptable means.

In its most recent opinion on this issue, *United States v. Russell*,

411 U. S. 423, 36 L. Ed. 2d 366, 93 S. Ct. 1637, the court reaffirmed its majority opinion in *Sorrells*, that the entrapment issue focuses upon predisposition or intent of the defendant, not whether the government instigated the specific crime:

> "*Sorrells* and *Sherman* both recognize 'that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution,' (citations omitted). Nor will the mere fact of deceit defeat a prosecution, (citation omitted), for there are circumstances when the use of deceit is the only practicable law enforcement technique available. It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." (pp. 435, 436.)

Defendant Bagemehl was entitled to raise the defense of entrapment and attempt to overcome the provisions of K. S. A. 1972 Supp. 21-3210 (*a*) to the satisfaction of the jury and convince them that except for the solicitation of the police agent he had no intent to sell cocaine. This issue was correctly submitted to the jury under proper instructions. Evidence of Bagemehl's willingness to facilitate the sale of cocaine through his friend, Pete, and his open participation in the gain of the sale, provided sufficient evidence upon which the jury could base a finding of intent to commit the crime charged. Entrapment was not established as a matter of law and the trial court did not err in overruling defendant's motion for acquittal.

In his second point on appeal, defendant contends the trial court erred in allowing Officer Woodyard to testify to what informant Childers told him about Childers' contacts with defendant. Defendant contends this hearsay evidence, although admissible under the exceptions to the hearsay rule, should have been suppressed as not the "best evidence," and its repetition by the police officer prejudiced defendant because it corroborated and added credibility to Childers' testimony. We find no merit in this contention. The so-called "best evidence" rule applies to writings only. (32A C. J. S., Evidence, § 782.) Kansas' "best evidence" rule, K. S. A. 60-467, provides that parol evidence is not admissible if the document itself is available to prove its contents. Officer Woodyard's testimony was admissible under an exception to the hearsay rule, K. S. A. 60-460 (*a*), and it was not error to admit his hearsay evidence even though direct evidence of the same fact was available.

After careful reading of the briefs of counsel and the designated record, we find no error and the judgment and conviction of the trial court is affirmed.