No. 52,595

STATE OF KANSAS, *Appellee,* v. CHARLES M. SMITH, *Appellant.*

(625 P.2d 1139)

Opinion filed March 25, 1981.

*Robert S. Fuqua,* of Wichita, argued the cause and was on the brief for the appellant.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Vern Miller,* district attorney, and *Roger C. Skinner,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Charles M. Smith, from convictions of aggravated robbery (K.S.A. 21-3427) and unlawful possession of a firearm (K.S.A. 21-4204). On the appeal, the defendant does not raise any issues challenging his conviction of aggravated robbery. The defendant attacks only his conviction of unlawful possession of a firearm.

The evidence showed that on March 27, 1980, two black males robbed the Galloup Liquor Store in Wichita at gunpoint. Defendant Smith was identified by the victim as the robber holding the gun. The robbers were observed leaving the scene in a blue and red Pontiac. The defendant was arrested later in an automobile matching that description. He consented to a search of the vehicle. A revolver was found in the trunk. The defendant was arrested and, after *Miranda* warnings, gave a statement to the police, admitting that he and another man committed the robbery.

It was undisputed that defendant had been convicted of a felony within five years preceding the discovery of the firearm in his possession. The only defense asserted to the charge of unlawful possession of a firearm was the defense of entrapment. Whether the trial court erred in refusing to submit to the jury entrapment as a defense to the second count is the basic issue presented on this appeal. Defendant contends, in substance, that he was entrapped as the result of a conversation he had with certain police officers on March 26, 1980, the day before the robbery was committed and the firearm was found in his posses-

sion. The defendant testified at trial that he was a suspect in a theft investigation and was told by the police officers that the theft charges would be dropped, if the defendant would help them investigate various fencing operations of people suspected of buying and selling stolen merchandise. He was told to fence television sets, radios, and stereo equipment. The defendant advised the officers that he needed some form of transportation so that he could carry out the fencing operations. Arrangements were made with the district attorney's office, and, around 3:00 p.m. on March 27, 1980, defendant was provided with a 1964 blue and red Pontiac which was later identified as the getaway car used in the robbery. Although denied by the police officers, the defendant testified that he told them that he would mark and fence a firearm. According to defendant, their only response to that statement was that defendant should be careful. Defendant's position is that, since the detectives knew he intended to have possession of a firearm as a part of his undercover fencing operations, and since they did not tell him not to possess a firearm, he made out a prima facie case of entrapment which required the giving of an instruction on that defense. The basic issue presented is essentially this: On the basis of the defendant's testimony just mentioned, did the trial court err in refusing to give an instruction on entrapment as a possible defense to the charge of unlawful possession of a firearm?

The defense of entrapment is provided for in K.S.A. 21-3210 which provides as follows:

"**21-3210. Entrapment.** A person is not guilty of a crime if his criminal conduct was induced or solicited by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, unless:

"(a) The public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person or a coconspirator; or

"(b) The crime was of a type which is likely to occur and recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful."

Under the Kansas decisions, a trial court is bound to give an entrapment instruction when evidence is given which supports entrapment as a defense. *State v. Amodei,* 222 Kan. 140, 142, 563 P.2d 440 (1977). The defendant, however, has the burden of introducing evidence that supports his theory. *State v. Carter,* 214 Kan. 533, 535, 521 P.2d 294 (1974). The defense may be rejected

as a matter of law where the basic elements are not established. *State v. Reichenberger,* 209 Kan. 210, 218, 495 P.2d 919 (1972).

The evidence required to support an entrapment defense under K.S.A. 21-3210 must tend to establish that the intent to engage in the criminal conduct was instigated by the law enforcement officers rather than originating in the mind of the defendant. The defense is not available if the officers merely provided defendant the opportunity to consummate the crime. We have concluded that the evidence presented by the defendant in this case did not justify an instruction by the trial court submitting the defense of entrapment to the jury. We note that the defendant, in his testimony, admitted that the police officers did not specifically ask defendant to fence a firearm. There was no inducement or solicitation by the police officers. It is clear that the criminal conduct, unlawful possession of a firearm, originated in the defendant's own mind. Furthermore, the defendant in his testimony admitted that he knew at that time that his possession of a firearm was illegal because of his prior felony convictions. There was no evidence that the law enforcement officers generated "in the mind of a person who is innocent of any criminal purpose the original intent or idea to commit a crime which he had not contemplated and would not have committed but for the inducement of the law officer." *State v. Jordan,* 220 Kan. 110, Syl. ¶ 7, 551 P.2d 773 (1976). Thus, essential elements of the defense of entrapment were not present. The district court properly refused the requested instruction on the defense of entrapment, because the basic elements of that defense were not established as a matter of law. In this case, the charge of unlawful possession of a firearm arose out of the commission of an aggravated robbery. The defendant was not set up by the police to frame the defendant for unlawful possession of a firearm. *State v. Jones,* 2 Kan. App. 2d 220, 226, 577 P.2d 357 (1978).

The judgment of the district court is affirmed.