(667 P.2d 388)
No. 55,054

STATE OF KANSAS, *Appellee,* v. NORMAN L. BROWN, *Appellant.*

Opinion filed August 4, 1983.

*William Cather,* of William Cather, Chartered, of Wichita, for the appellant.

*James D. Hall,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, for the appellee.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal by defendant Norman L. Brown from his jury conviction for sale of marijuana in violation of K.S.A. 65-4105 and 65-4127b(*b*)(3). The facts in this case are relatively simple and are undisputed. A key prosecution witness at trial was Gary Wurm, a federal agent who allegedly bought marijuana from defendant while undercover. In his testimony, Wurm described the drug buy as follows:

"During the conversation with Mr. Brown I asked Mr. Brown if he had access to any marihuana. Mr. Brown stated yes, he had access to it, but he would have to have the money up front, and that once he had the money up front, he could obtain some marihuana for me.

"I asked Mr. Brown how much the marihuana would be. He said $40 an ounce.

"I gave Mr. Brown $40 US currency, at which time Mr. Brown told me he would have to leave the immediate area of Shamrock Reconditioners and go to—he indicated the shop which was just adjacent to the Shamrock Reconditioning and to the south of it, which was a bicycle shop, and that he would have to give another individual the money and that that individual would in turn obtain the marihuana and bring it back.

. . . . .

"At that point Mr. Brown left the area of Shamrock, proceeded to the bicycle shop just adjacent. Approximately two minutes later Mr. Brown came back to Shamrock, at that point stated to me Sherri has gone to get the marihuana, I gave her the money, and something to that effect that Sherri would be returning with the marihuana because he had to give her the money and that she would return with it."

Wurm then testified that codefendant Sherri Doss later appeared and handed him a bag, which undisputedly contained marijuana.

Defendant testified on his own behalf. He denied being involved in the drug sale and also testified that on the date of the offense, he had never met with Gary Wurm or codefendant Sherri Doss. He specifically testified that he did not take money from Wurm and he did not tell Wurm that Sherri would be back with the marijuana. Defendant testified that Wurm was either mistaken or lying to the court.

The trial court denied defendant's requested instruction on the procuring agent defense as denoted in PIK Crim. 2d 54.14-A. The jury found defendant guilty and he now appeals.

Defendant contends that the trial court erred in denying his requested instruction. He relies primarily upon *State v. Osburn,* 211 Kan. 248, Syl. ¶¶ 1, 2, 3, 505 P.2d 742 (1973), where the court stated:

"Where possession of a substance, such as a narcotic, is unlawful a procuring agent for a purchaser may be convicted of unlawful possession thereof; but if he is an agent for a purchaser, and not for the seller, he is not guilty of an unlawful sale in procuring the unlawful substance."

"In prosecution for the unlawful sale of a narcotic when the defense of 'procuring agent' is properly raised the decision as to whether the accused merely acted as a procuring agent of the buyer or was a seller of the narcotic to the buyer is a question of fact for the jury to determine from the evidence."

"When the procuring agent theory has been properly raised by the evidence and a request for an instruction has been made by the accused a jury should be instructed that should the jury find the defendant merely acted as a procuring agent for the purchaser and not for or as the seller of the drugs the jury should find the defendant not guilty of selling the drugs."

PIK Crim. 2d 54.14-A provides:

"The defendant is not guilty of a sale of _____ if the defendant acted only as a procuring agent for the purchaser. A procuring agent for the purchaser is a person who, by agreement with the purchaser, buys or procures an article or a substance from a third party at the request of and for the purchaser. The agreement may be written, oral or implied by the behavior of the parties.

"The defendant is not a procuring agent if the defendant acted as a seller or as an agent for a seller."

Generally, in a criminal action it is the duty of the trial court to instruct the jury on the law applicable to the theories of both the prosecution and the accused so far as they are supported by any competent evidence. *State v. Haynes,* 5 Kan. App. 2d 144, 148, 612 P.2d 1268, *rev. denied* 228 Kan. 807 (1980).

The State maintains, however, that defendant is not entitled to

the requested procuring agent instruction because he completely denied involvement in the crime. The State relies on the decision in *State v. Einhorn*, 213 Kan. 271, 515 P.2d 1036 (1973), which involved an entrapment instruction. In *Einhorn*, the defendant claimed he delivered marijuana which belonged to a friend to a narcotics agent, but denied that it was his or that he received money for the transaction. The State's evidence showed he did accept money for the sale. In holding the trial court erred in refusing to give an entrapment instruction, the court stated:

"A defendant who refuses to admit any involvement in an incident out of which a criminal charge arises cannot use entrapment as a defense. A defendant who admits the acts charged by the state, but claims the acts fail to support a criminal charge, may raise entrapment as an additional defense. In situations where the defendant admits some involvement, but fails to admit all the facts alleged by the state, he may or may not be entitled to claim entrapment, depending on the degree of involvement he admits. Admission of substantial involvement would tend to permit the defense, while slight and limited admission would tend to deny the defense." p. 273.

Since Einhorn admitted possession and transfer of the marijuana, it was held he was entitled to the instruction, notwithstanding his claim that he did not participate in a sale. The reason for the rule advanced in *Einhorn* is simply that a defendant must necessarily admit that he did the acts if he is going to contend that he was entrapped into doing them. *State v. Farmer*, 212 Kan. 163, 167, 510 P.2d 180 (1973). See also *State v. Amodei*, 222 Kan. 140, 563 P.2d 440 (1977).

We find that the reasoning behind the ruling in *Einhorn* is equally applicable to the present case and find *Einhorn* controlling. The procuring agent theory, like entrapment, is an affirmative defense. The invocation of it necessarily assumes that the act was committed. See generally 22 C.J.S., Criminal Law § 45(1). A defendant advancing that theory must admit to some involvement, since one cannot claim total lack of involvement and also maintain an agency relationship existed. At trial defendant presented a defense which specifically denied all involvement with the alleged activities. We find that he therefore is not entitled to an instruction which necessarily assumes that he was integrally involved in the subject activities. We hold that the trial court did not err in denying the requested instruction.

Affirmed.

MEYER, J., I dissent.

The sole issue in this case is whether the trial court erred in denying defendant's request for a "procuring agent" instruction. See PIK Crim. 2d 54.14-A.

At trial, defendant took the stand and denied any involvement whatever in the drug-sale transaction. He contends that he was nevertheless entitled to a procuring agent instruction, because the evidence brought out by the State showed that he was present at the alleged sale and disclosed facts which would support a finding that he acted not as seller, but as procuring agent for the buyer in the transaction.

Given the state of facts herein, the precise issue before us can be stated with greater particularity: Is a defendant who is charged with sale of a controlled substance entitled to have the jury instructed on the theory of defense that he acted only as procuring agent for the purchaser, when substantial evidence presented by the State would support a jury conclusion relative to that theory, despite the fact that defendant denies any involvement in the alleged transaction?

In its opinion, the majority has held that defendant herein was not entitled to any such instruction, because of his testimony denying any involvement whatever in the crime with which he was charged. The majority relies primarily on *State v. Einhorn,* 213 Kan. 271, 515 P.2d 1036 (1973), where the court, at page 273, stated:

> "A defendant who refuses to admit any involvement in an incident out of which a criminal charge arises cannot use entrapment as a defense. A defendant who admits the acts charged by the state, but claims the acts fail to support a criminal charge, may raise entrapment as an additional defense. In situations where the defendant admits some involvement, but fails to admit all the facts alleged by the state, he may or may not be entitled to claim entrapment, depending on the degree of involvement he admits. Admission of substantial involvement would tend to permit the defense, while slight and limited admission would tend to deny the defense."

*Einhorn* pertains specifically to the defense of entrapment. The majority opinion extends the rule of *Einhorn* to include those situations where the procuring agent theory is asserted by defendant.

It is my conviction that the rule of *Einhorn* should not be and is not dispositive of the issue at bar, and it is the majority

opinion's application of that rule to this case that causes me to dissent. I offer several reasons for my position.

First, *Einhorn* and the case at bar can be distinguished from one another on the basis of factual differences between the two. In *Einhorn*, the appellant admitted a limited, noncriminal involvement in the transaction out of which the charges against him arose. His testimony, if believed, would have supported a conclusion by the jury that he had been entrapped into any crime he might have committed. On this state of facts, our Supreme Court reversed appellant's conviction and granted him a new trial, holding that it was error for the trial court to refuse the requested instruction on entrapment.

In sharp contrast, defendant herein denied any and all involvement in the alleged drug deal. There was, however, positive testimony from one of the State's witnesses from which the jury could have concluded that defendant did not sell marijuana to that witness, but merely acted as a procuring agent for that witness in his purchase of marijuana. This is a markedly different factual situation than that which confronted the court in *Einhorn*, and it presents an issue which was not before the court in *Einhorn*.

I direct the reader's attention to the first full sentence of ¶1 of the syllabus from *Einhorn*. An argument can be made that the *Einhorn* court intended this to be a statement of a rule without exception—that is, that a defendant who denies involvement in a crime can never claim entrapment, regardless of what proof the State's case may provide relative to that defense. I would not hold to such an interpretation of that language, because that specific issue was not presented by the facts in *Einhorn*, and therefore that specific issue was not decided by the court.

The key fact upon which the decision in *Einhorn* turned was the appellant's admission of limited involvement in the crime. It was this admission that entitled him to an instruction on entrapment. The facts in *Einhorn* are not analogous to the facts in this case; appellant in *Einhorn* did not deny involvement in the crime, but relied on the State's evidence to support an entrapment argument.

It is my opinion that the language used in the first sentence of ¶ 1 of the syllabus in *Einhorn*, and the corresponding portion of the opinion, being unnecessary to the court's determination of the limited issue before it, was not the ratio decidendi in that

case. I believe that a strong argument can be made, and supported by law, that such language is mere dicta, and as such the import and effect of such language should be extended no further than its application to the particular facts in *Einhorn*. I am not dissuaded from my assessment of this language by the fact that it appears as part of the syllabus by the court. K.S.A. 60-2106(*b*) directs that:

"Each formal opinion shall contain a syllabus of the points of law decided, which shall be confined to those questions necessarily arising from the facts in the case."

*Cf.* K.S.A. 20-203.

The point of law expressed in the language to which I refer did not arise from the facts in the *Einhorn* case, nor was an issue pertinent to that point of law determined by the court. Further argument could be made as to this point; however, since I hereinafter set out a specific reason clearly differentiating between the entrapment and procuring agent theories of defense, I do not feel it necessary to pursue the specific "dicta" argument to any greater extent. Such differentiation makes it clear that regardless of whether such language was dicta or not, it is not binding on us in a case such as the one at bar.

As I have stated above, I do not subscribe to a strict, no-exceptions interpretation of the rule from *Einhorn*. The reasoning behind the general rule in *Einhorn* is clear and logical—a defendant must necessarily admit that he committed the crime charged if he is going to contend that he was entrapped into doing so. See *State v. Farmer,* 212 Kan. 163, 167, 510 P.2d 180 (1973); and *State v. Amodei,* 222 Kan. 140, 563 P.2d 440 (1977).

It is noted that in *State v. Amodei,* the court states at Syl. ¶ 2, as follows: "The defense of entrapment is *generally* not available to a defendant who denies that he committed the offense charged." (Emphasis added.) Furthermore, *Amodei,* at page 142, contains the following language: "As to Count I (sale of heroin) defendant denied any part in the incident *and* the record disclosed no competent evidence to justify giving an instruction on entrapment. (See *State v. Farmer,* supra, and *State v. Fitzgibbon,* 211 Kan. 553, 557, 507 P.2d 313.)" (Emphasis added.)

The logic underlying the reasoning in *Einhorn* tends to dissolve, though, when the State's case-in-chief injects substantial evidence of entrapment into the case. In such a case the issue of

entrapment has been raised, by the State's evidence, notwithstanding the defendant's adamant denial of involvement. In recognition of this breakdown of the rationale underlying it, some courts have carved out a limited exception to the general rule of *Einhorn*. These cases hold that a defendant may argue entrapment if the State's evidence supports that theory, even though such argument is inconsistent with the defendant's own denial of involvement. See *State v. Knight,* _____ W. Va. _____, 230 S.E.2d 732 (1976); and *Sears v. United States,* 343 F.2d 139 (5th Cir. 1965).

The Kansas courts have yet to specifically address the question resolved in *Knight* and *Sears,* where the defense of entrapment is involved. However, where self-defense has been argued, based completely on the State's evidence, and denial of involvement is the only defense the accused has supported with evidence, the courts have allowed the defendant to assert both of these two inconsistent defenses.

"There is no requirement a defendant must rely upon his own testimony to merit a self-defense instruction. A defendant is entitled to a self-defense instruction if there is any evidence from which a jury could conclude that, despite his denial, a defendant committed an act but did so in self-defense." *State v. Heiskell,* 8 Kan. App. 2d 667, Syl. ¶ 6, 666 P.2d 207 (1983).

*Cf. State v. Jackett,* 81 Kan. 168, 105 Pac. 689 (1909); *State v. Smith,* 161 Kan. 230, 167 P.2d 594 (1946); *State v. Sullivan & Sullivan,* 224 Kan. 110, Syl. ¶ 10, 578 P.2d 1108 (1978); *State v. Hargis,* 5 Kan. App. 2d 608, 609, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981) ("any evidence whatsoever"). The *Heiskell* court further stated:

"It is the function of the appellate court to determine whether the record discloses any evidence which, considered in the light most favorable to defendant, would have justified giving the requested instruction. *State v. Hargis,* 5 Kan. App. 2d at 609. See also *State v. Kleber,* 2 Kan. App. 2d 115, 116-17, 575 P.2d 900, *rev. denied* 225 Kan. 846 (1978)." 8 Kan. App. 2d at 673.

A limited exception to the *Einhorn* rule would be more in keeping with the universal tenet that a criminal defendant is entitled to an instruction on any theory of defense which is supported by any evidence whatsoever. *State v. Seely,* 212 Kan. 195, 197, 510 P.2d 115 (1973). That the *Einhorn* court intended their rule to be in conformity with this general proposition is

plainly demonstrated by the court's referral to that very proposition in its opinion:

"It is the duty of the trial court to instruct the jury on the law applicable to the theory of both the prosecution and the accused insofar as they are supported by any competent evidence and are germane to the issues raised on the charge in the information. (*State v. Runnels*, 203 Kan. 513, 456 P.2d 16 [Syl. ¶ 1]; *State v. Hamrick*, 206 Kan. 543, 479 P.2d 854; *State v. Ringler*, 194 Kan. 133, 397 P.2d 390; *State v. Barnes*, 164 Kan. 424, 190 P.2d 193; *State v. Severns*, 158 Kan. 453, 148 P.2d 488.)" *State v. Einhorn*, 213 Kan. at 274.

Such an exception would also be in accord with the statement following from Corpus Juris Secundum:

"While there is some authority to the contrary, it is generally held that inconsistent defenses may be interposed in a criminal case; and this is especially true when the state proves them.

"Accordingly, the fact that one defense is on the theory that accused did not commit the offense, as where he relies on alibi, does not deprive him of the right to avail himself of other defenses  . . . ." 22 C.J.S., Criminal Law § 54, p. 193.

The logic of the exception announced in *State v. Knight* and *Sears v. United States* is strongly persuasive, particularly when one stops to ponder the possible injustice which might occur were the *Einhorn* rule extended.

The second reason why I feel *Einhorn* is not controlling herein hinges on the fact that the defense of entrapment is conceptually different from the procuring agent theory. The difference between these two principles dictates distinctive treatment of each from the other. Thus, assuming without conceding that the strict rule of *Einhorn* is always, and without exception, applicable when entrapment is involved, that same rule should not be extended to also encompass those cases where the procuring agent theory is involved.

Entrapment is an affirmative defense. It is in the nature of a confession and avoidance—that is, customarily the defendant raises entrapment by *admitting the commission of the very crime charged,* but seeks to avoid liability for his actions by claiming that he had no predisposition to commit the crime, but was induced to commit it by law enforcement officers. Entrapment is also a complete defense; a finding by the jury that a defendant was entrapped totally excuses his admitted criminal behavior.

The procuring agent situation, on the other hand, is not analogous to that of entrapment. Where the procuring agent theory is

argued, the defendant *never admits to the commission of the crime charged.* Quite the contrary, by interposing a procuring agent argument in a drug sale case, a defendant is categorically denying that he was a seller of drugs, but is instead insisting that he was merely an agent of the purchaser. Thus, it seems reasonable that a defendant needs to admit far less, if any, involvement in the incident to raise the procuring agent theory than he does to bring entrapment into issue.

Stated another way: In a case where defendant is charged with the sale of a controlled substance, when claiming entrapment, it is necessary for the defendant to *admit* the commission of the offense; whereas in raising the procuring agent defense he must necessarily *deny* committing the offense with which he is charged.

I would hold that in the case at bar the trial court erred when it refused to instruct the jury on the procuring agent theory, because the evidence of the State (as summarized in the majority opinion) was such that the jury could have found defendant not guilty of *any crime* based on the procuring agent theory.

There is a third reason why I would not apply the rule of *Einhorn* to this case. In an adversary system of justice, it is imperative that each party operate under the same rules.

I refer the reader to the case of *State v. Blue,* 225 Kan. 576, 592 P.2d 897 (1979). The gist of the holding in that case is that a criminal defendant who chooses to present a defense thereby waives any error in the trial court's denial of his motion for acquittal, made at the close of the State's case and based on insufficiency of evidence. If the motion for acquittal is renewed at the close of defendant's case, the court will consider all the evidence, that of the State and that of defendant, in ruling on the renewed motion. Therefore, if the State's case-in-chief was in fact deficient in some manner, but the deficiency is cured by proof provided by the defendant, then the case can go to the jury. The court justified this holding with the following language:

"The defendant should not be acquitted on the ground of insufficiency of the evidence if the evidence is in fact sufficient." 225 Kan. at 578.

The effect of the holding in *State v. Blue* is to allow an insufficient case-in-chief of the prosecution to be augmented by the evidence supplied by the defendant, and to permit the defendant to be convicted on the basis of this augmented case. In

other words, the State is allowed to use all the evidence presented by both parties in the case to prove the charges against the accused. Where the converse is true, *i.e.*, where the State presents exculpatory evidence, why should not fundamental fairness dictate that the same general principle be applied?

It is elementary that all criminal defendants are presumed to be innocent until proven guilty. Throughout the trial, the prosecution must shoulder the burden of proving every essential element of the crime; this proof must convince the jury, beyond a reasonable doubt, of the defendant's guilt. Under the rule of *State v. Blue*, even if the State fails to fulfill this primary duty, its efforts may be bolstered by the defendant's evidence. If the prosecution is allowed to use all the evidence in the case, its own and that of the defendant, to rebut the presumption of innocence and prove its charge, then why should not the defendant be permitted the same latitude in his defense? I submit that fundamental fairness demands that a defendant be allowed to argue in favor of a theory of defense (and be afforded an instruction on such theory) which is supported by the State's evidence, even though his own evidence does not support, and even contradicts, that theory.

The following summation of my reasons for dissent is respectfully submitted:

1. *Einhorn* is factually distinguishable from the case at bar; the issue in the case at bar was not decided by the court in *Einhorn*. Also the *result* obtained in *Einhorn* was just, and the defendant therein was accorded *instructions* on the law relative to all the evidence in that case.

2. The defense of entrapment and that of procuring agent are conceptually different from one another. In an entrapment case the defendant *admits* the commission of the offense with which he is charged, while in a procuring agent case the defendant *denies* commission of the offense. Cases where such theories of defense are raised are thus totally different from one another, and a case dealing with the former should not be considered dispositive authority in a case dealing with the latter.

3. In an adversary system of justice, fundamental fairness requires that all rules of procedure must apply with equal

force to both the prosecution and the defense. The rule of *State v. Blue* effectively allows the State to use evidence supplied by the defendant in proving the charge against him. Fairness dictates that the defendant should be allowed the concomitant privilege of employing in his defense evidence supplied by the State. Thus, the court should give proper jury instructions in the law concerning all those legal theories which find any support in the evidence, whether presented by the defendant or the State.