No. 54,940

STATE OF KANSAS, *Appellee*, v. ROBERT C. ROGERS, *Appellant.*

(675 P.2d 71)

Opinion filed January 13, 1984.

*William R. Brady*, of Topeka, argued the cause and was on the brief for appellant.

*C. William Ossmann*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Gene M. Olander*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Robert C. Rogers appealed his convictions by a jury of two counts of attempted felony theft. K.S.A. 21-3301 and K.S.A. 21-3701. The Court of Appeals reversed the convictions in an unpublished opinion. (*State v. Rogers*, No. 54,940, opinion filed July 28, 1983.) We granted review on a petition filed by the State of Kansas. The appellant asserts error in the failure of the trial court to give his requested instruction on entrapment as found in PIK Crim. 2d 54.14. The facts will be set forth in detail.

In January, 1982, the Kansas Bureau of Investigation organized the Special Crime Attack Team (SCAT) to investigate and prevent property crimes in the Topeka area. SCAT employed an undercover operative, Charles Anderson, a confessed thief, to assist in detecting criminal activity.

On January 25, 1982, police purchased a color television set from a local furniture store and delivered it to Anderson. That afternoon Anderson placed a telephone call to defendant Rogers to inquire if he was interested in purchasing the set. Anderson had given permission for the police to monitor and record this

conversation. After the call, Anderson went to defendant's liquor store in east Topeka. While under police surveillance, Anderson delivered the television set to Rogers and received $100.00 from him. Again, with Anderson's permission, police videotaped this transaction and recorded the conversation. At no time did Anderson state to the defendant, or even convey the impression, that the television set was stolen. Anderson turned the money over to a police detective, who marked it for evidence.

Following this sale, a "critique" was held between the police and Anderson, during which they reviewed the inadequacy of the first sale, pointing out that the television set had not been represented to Rogers as stolen goods. Anderson was told several times that the merchandise would have to be represented as stolen for the investigation to have any effect and for it to support criminal charges. Anderson was then given a small 12" Zenith black and white television set which the police had likewise purchased from a local furniture store and he was sent forth to try again.

On January 28, 1982, another sale was arranged between Anderson and Rogers. This time, during the telephone conversation prior to the meeting, Anderson specifically stated that the set he had for sale had been stolen from a warehouse in Lawrence. Although Rogers did not deny the statement may have been made, he testified he did not recall this statement since he was busy serving customers at the time and several of his friends were in the store playing cards, resulting in considerable noise and distraction. After the call Anderson proceeded to defendant's store and sold the television set to defendant for $20.00. This telephone call and sale were also monitored and recorded with Anderson's consent.

Rogers was arrested on March 11, 1982, and during a consensual search of his home, the 12" Zenith black and white television set was recovered. Other television sets were found but none were identified as stolen. The color television was never located and defendant could not specifically recall purchasing it from Anderson, although he did not deny that possibility.

At trial defendant requested a jury instruction on the defense of entrapment based upon K.S.A. 21-3210. This request was denied by the trial judge on the grounds entrapment is an affirmative defense, unavailable to an accused who admits no

wrongdoing. More specifically, the court relied on our decision in *State v. Gasser*, 223 Kan. 24, 574 P.2d 146 (1977), stating:

" 'Entrapment is a defense used to negate a defendant's criminal intent to commit the crime for which he is charged by showing that the real criminal intent was conceived by law enforcement officials.' [223 Kan. 24, Syl. ¶ 2.] Well, it just seems, to me, that here the defendant denies any criminal intent, denies that he knew or had any reason to believe that the property was in fact stolen, and it seems that the entrapment defense would then not be available to him in that it just would not go to negate—it can't go to negate a non-existent intent, I guess is what I am saying. . . ."

It should be noted, however, that in *Gasser* the factual issue of whether there was an entrapment was submitted to the jury.

The jury, in the instant case, returned a verdict of guilty on both counts of attempted felony theft. Defendant Rogers thereafter appealed, arguing that on the facts and evidence before the trial court it erred in refusing to give the requested instruction on entrapment. The Court of Appeals agreed.

K.S.A. 21-3210 provides:

"**Entrapment.** A person is not guilty of a crime if his criminal conduct was induced or solicited by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, unless:

(*a*) The public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person or a co-conspirator; or

(*b*) The crime was of a type which is likely to occur and recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful."

Defendant entered a plea of not guilty and maintained throughout the trial that he had no knowledge the television sets might have been stolen, would not have bought them if he thought they were stolen, and therefore could not have had any criminal intent in purchasing them. His other defense of legal impossibility, because the television sets were not in fact stolen merchandise, was determined adversely to defendant's position in *State v. Logan & Cromwell*, 232 Kan. 646, 656 P.2d 777 (1983), and is not an issue on appeal. It is the contention of the State that defendant's plea of not guilty is inconsistent with his defense of entrapment and that as defendant has not admitted all the elements of the crimes charged, he cannot rely on the entrapment defense. It is argued that the defendant cannot assert on one hand that he had no intent to commit the crime and on the other

hand say that if he did, the intent was placed in his mind by the police. It must be conceded that our past decisions are unclear as to when the defense of entrapment is available.

Prior to 1970, the defense of entrapment was not statutory although its existence appears to have been first judicially recognized in Kansas in 1879 by Justice Brewer in *State v. Jansen*, 22 Kan. 498 (1879). In *State v. Reichenberger*, 209 Kan. 210, 495 P.2d 919 (1972), Justice Kaul traced the history of the entrapment defense from its inception in *Jansen* through the passage of K.S.A. 21-3210 by the legislature in 1969. Historically, entrapment is an affirmative defense in the nature of confession and avoidance; that is, the defendant must admit the acts constituting commission of the crime charged, but, in avoidance, seek relief from guilt on the ground the criminal intent was not his, but that of law enforcement officers who implanted the idea in his otherwise innocent mind by suggestion or solicitation. *State v. Fitzgibbon*, 211 Kan. 553, 557, 507 P.2d 313 (1973). We have said the issue of entrapment depends on a defendant's intent and predisposition to commit the crime charged. *Fitzgibbon*, 211 Kan. at 554-55. In *State v. Bagemehl*, 213 Kan. 210, 515 P.2d 1104 (1973), we held:

"The defense of entrapment presents to the trier of fact the question of defendant's intent and predisposition to commit the crime charged." Syl. ¶ 1.

"The extent of government activity in soliciting the crime charged is weighed by the jury against defendant's willingness to comply, and other evidence of predisposition to determine whether defendant originated the criminal purpose or was entrapped." Syl. ¶ 4.

"An accused can rely on the defense of entrapment when he is induced to commit a crime which he has no previous disposition to commit; however, he cannot rely on the defense when he originated a criminal purpose and was merely afforded an opportunity by law enforcement officers to consummate the crime." Syl. ¶ 5.

The trial court is bound to give an entrapment instruction when evidence is submitted which supports entrapment as a defense. *State v. Smith*, 229 Kan. 533, 534, 625 P.2d 1139 (1981). As is the case with any instruction on a particular defense, defendant has the burden of introducing evidence supporting his theory. *State v. Carter*, 214 Kan. 533, 534-35, 521 P.2d 294 (1974).

Following the passage of K.S.A. 21-3210, we affirmed our holdings in *Reichenberger* in the case of *State v. Fitzgibbon*, 211

Kan. 553. In *State v. Farmer,* 212 Kan. 163, 510 P.2d 180 (1973), the defendant was charged and convicted of the delivery of a non-narcotic drug. Farmer admitted all elements of the offense except the sale itself, and sought an instruction on entrapment because of a police detective's role as the buyer. After recognizing the *Fitzgibbon* rule that entrapment is generally unavailable to a defendant who denies commission of the offense charged, we reviewed the evidence in *Farmer* and held defendant entitled to an instruction on entrapment because "defendant's testimony cannot be interpreted so as to constitute a denial of any involvement in the offense charged." 212 Kan. at 168. Defendant Rogers claims the *Farmer* decision supports the Court of Appeals' holding here, because in both cases defendants admitted substantial involvement in the crime, and yet both denied predisposition and actual culpability. In *Farmer* we stated:

"If the defendant offers some evidence in support of the defense of entrapment it becomes an issue to be determined by the trier of facts." 212 Kan. at 165.

See also *State v. Amodei,* 222 Kan. 140, 563 P.2d 440 (1977).

The Court of Appeals, in its holding that the defendant in this case should have been granted an instruction on the defense of entrapment, stated:

"Defendant's evidence consisted of his own testimony concerning his prior dealings with Anderson. Defendant testified that he had told Anderson on several occasions that he didn't 'want to have anything to do with any hot material, any stolen material or objects.' Further, defendant testified that he did not hear Anderson state that a particular black and white television set was stolen. Although the State offered tape recordings of the conversation to prove the statement was made, defendant testified he did not hear the statement because friends and customers in his store distracted him at the time. When defendant's evidence is considered in the light most favorable to him, it presents a question of fact for the jury to consider. As such, we find an instruction on entrapment should have been given.

"The State contends the entrapment defense is not available to one who does not admit to committing the crime. It argues a not guilty plea and a defense of entrapment are mutually exclusive. In *State v. Amodei,* 222 Kan. 140, 142, 563 P.2d 440 (1977), the court stated the general rule:

'In order for defendant to be entitled to an instruction on any particular defense there must be some evidence to support that defense and justify the instruction. Entrapment may arise when defendant's criminal conduct was induced or solicited by a public officer for the purpose of obtaining evidence to prosecute such person. Such a defense presupposes that defendant engaged in the criminal conduct.'

The court has carved out an exception to this general rule. In *State v. Einhorn*, 213 Kan. at 273 [213 Kan. 271, 515 P.2d 1036 (1973)], the court stated:

'A defendant who refuses to admit any involvement in an incident out of which a criminal charge arises cannot use entrapment as a defense. A defendant who admits the acts charged by the state, but claims the acts fail to support a criminal charge, may raise entrapment as an additional defense. In situations where the defendant admits some involvement, but fails to admit all the facts alleged by the state, he may or may not be entitled to claim entrapment, depending on the degree of involvement he admits. Admission of substantial involvement would tend to permit the defense, while slight and limited admission would tend to deny the defense.'

The State seeks to narrow the entrapment defense to those instances in which defendant admits guilt. We find this would place a defendant in the untenable position of affirming wrongdoing, which would aid the State's case, and relying solely on the jury's judgment as to intent or predisposition.

"In the present case defendant concedes he purchased the television sets. The actual purchase of the sets is by no means 'slight and limited,' but is in fact 'substantial involvement,' which under *Einhorn* would tend to permit the defense. We therefore hold that the trial court erred in refusing to give a jury instruction on entrapment."

In *State v. Einhorn*, 213 Kan. 271, 515 P.2d 1036 (1973), we also held:

"When events culminating in a criminal offense commence with a police or police agent solicitation, the defense of entrapment normally presents a question of fact for the jury." Syl. ¶ 2.

We agree with the Court of Appeals that defendant was entitled to an instruction on the defense of entrapment. His participation in every physical act charged by the State, denying only criminal intent, was properly found to be substantial involvement. A defendant always has the right to enter a plea of not guilty and insist that the State prove all of the elements of the crime charged.

The State contends that the rule adopted in *Einhorn* is difficult in its application and asks that we overrule *Einhorn* and adopt the rule that a defendant must admit all elements of the crime before raising a defense of entrapment. This we decline to do even though it appears that a majority of jurisdictions do adhere to that position. See Annot., 5 A.L.R. 4th 1128. The *Einhorn* rule was first enunciated by this court in 1973 and does not appear to have generated any great confusion in the trial courts or undue hardship in the prosecution of criminal cases.

The key to the defense of entrapment as developed in *Einhorn* is the admission of substantial involvement consistent with the

defenses put forth by an accused. Inconsistent defenses which may not be asserted along with entrapment are those which deny such substantial involvement. For example, an alibi defense that defendant was not in Topeka on the dates in question is impermissibly inconsistent with entrapment because through the alibi, defendant has denied any substantial involvement in the acts charged. Such a defense would foreclose reliance on entrapment.

A not guilty plea is not, per se, inconsistent with the defense of entrapment when a defendant may consistently admit substantial involvement in the acts constituting the crime. We have recognized in a number of cases that, depending upon the facts of the case, the denial by a defendant of an act or element of the crime charged did not preclude the assertion of an entrapment defense where substantial involvement was admitted. (*State v. Einhorn*, 213 Kan. 271; *State v. Farmer*, 212 Kan. 163; *State v. Fitzgibbon*, 211 Kan. 553.) The State's argument that a plea of not guilty and the defense of entrapment are mutually exclusive would hold true in a case where the nature of any other defense asserted is such as to deny substantial involvement. A criminal defendant must pick his position and consistently maintain it throughout his defenses—either he was substantially involved in the acts, or he was not. Only in the latter case are his defenses inconsistent with entrapment.

Defendant Rogers' plea of not guilty in this case is consistent with the defense of entrapment because in any event he admits substantial involvement in the acts constituting the alleged crime. Given this consistent admission, his not guilty plea and theory of entrapment were permissible alternatives in that the trier of fact could find defendant had no criminal intent because he did not know the televisions were stolen, or in the alternative that whatever intent was present was not defendant's but was planted by police operatives.

The decision of the Court of Appeals is affirmed, the judgment of the trial court is reversed and the case remanded for a new trial.

McFARLAND, J., dissents.