Gary H. Hanson Silver Lake City Attorney Stumbo, Hanson Hendricks 2887 S.W. MacVicar Avenue Topeka, Kansas 66611
Dear Mr. Hanson:
As city attorney for the city of Silver Lake you request our opinion concerning the use of motor vehicle fuel tax funds for two city projects. The first project involves the construction of sidewalks in the road right-of-way along U.S. highway 24. The second project involves the construction of a flood gate just off of the highway right-of-way. We have spoken with the engineering firm that is familiar with the flood gate project and it is our understanding that there is a pipe running under highway 24 which carries rain water from the city which then empties into Silver Lake. When the water level in the lake rises, the water backs up into the pipe and causes flooding in the city. The city would like to use the motor vehicle fuel tax funds to construct a flood gate just off of the highway right-of-way which will prevent flooding in the city.
K.S.A. 79-3402 states, in relevant part:
 "The tax imposed by this act is levied for the purpose of producing revenue to be used by the state of Kansas to defray in whole, or in part, the cost of constructing, widening, purchasing of right-of-way, reconstructing, maintaining, surfacing, resurfacing and repairing the public highways. . . ."
A portion of these taxes are transferred to special city and county highway funds. Subsection (c) of K.S.A. 79-3425c states, in relevant part:
 "All such payments shall be to the city treasurers of the respective cities. Upon receipt of same . . . the city treasurer . . . shall credit the same to a separate fund to be used for the construction, reconstruction, alteration, repair and maintenance of the streets and highways of such city. . . ." (Emphasis added).
The meaning of a statute is gleaned from the words of the statute itself and only if that language is ambiguous does the court look to extrinsic evidence for aid and construction. State v. Bagemehl,213 Kan. 210 (1973). Where a statute is plain and unambiguous, courts must give effect to the intention of the legislature as expressed rather than determining what the law should or should not be. Johnston v.Tony's Pizza Service, 232 Kan. 848 (1983).
It is our opinion that the underscored words in K.S.A. 79-3425(c) are plain and unambiguous and, taken together with the purpose of the motor vehicle fuel tax as expressed in K.S.A. 79-3402, we conclude that the funds may be used to construct sidewalks in the road right-of-way but they cannot be used for the construction of a flood gate. Subsection (c) is clear that the funds may be used for the "construction" or "alteration" of "streets". Kansas law includes sidewalks as part of a street. Granthman v. City of Topeka, 196 Kan. 393, 401 (1966); Tuley v.City of Kansas City, 17 Kan. App. 2d 661, 663 (1992). However, the flood gate project does not fall under any of the categories listed in subsection (c). While it is true that the pipe runs underneath the highway, the flood gate itself will be constructed off of the highway right-of-way and will have no impact on the highway itself — its purpose being to prevent flooding in the city.
Summarizing, it is our opinion that the motor vehicle fuel tax funds may be used to construct sidewalks along highway 24 but they may not be used to construct a flood gate off of the highway right-of-way.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm